## SUPREME COURT.

JOSEPH COLWELL, respondent agt. HERBERT LAWRENCE, Jr. and JOSEPH FOULKS, appellants.

The objection that an *assignment for the benefit of creditors* was not executed by *all the parties*, should be taken at the *trial;* it is too late to raise such an objection, to defeat the assignee's title on *appeal.*

A *referee's* finding on questions of *fact* is conclusive—the court will not disturb it on appeal—such facts, as the performance of a contract; the waiver of that performance; extension of time for its performance; and the value and amount of defendant's set-off.

The claim for a *stipulated sum* as *liquidated damages,* for the non-performance of a *contract,* cannot be enforced under the law, as it must be construed at the present time, where the contract is for doing a piece of work, the defect in the completion of which might be a very trifling matter, which a very little expense would remedy, and consequently a very small amount of damage (compared with the stipulated sum,) would be the result.

The court of last resort will probably have to, sooner or later, settle definitely, the precise question whether where parties have agreed, *in any case, on a sum which they say shall be liquidated damages, they should or not be held to their contract as they make it.*

*New York General Term, November,* 1862.

INGRAHAM, LEONARD and PECKHAM, *Justices.*

THIS was an appeal from a decision of Hon. H. P. Hunt, referee, who had rendered a judgment in favor of the respondent, who was the assignee of Birkbecks & Hodges, a manufacturing firm, which formerly existed in this city.

Various points of law were raised on the appeal, among which were the following:

It appeared that the assignee claimed title to the demand under an assignment of the general partners in that firm— which was a limited partnership under the statute—the special partner not having joined in the assignment, although he assented to it.

Another point arose on this state of facts. It appeared that the firm of Birkbecks & Hodges had entered into a contract with the appellants to construct for the latter a double engine for a new vessel, which the appellants were building for the Spanish government. In this contract was a provision imposing on the contracting parties $100 per day forfeiture in case the same was not completed by the contract time.

The referee overruled both of those points, and rendered judgment for the assignee. From this judgment appeal was taken to the general term.

> JOHN S. McCULLOCH and NATHANIEL J. WYETH, *for appellants.*
>
> D. McMAHON, *for respondent.*

By the court, INGRAHAM, P. Justice. This action was brought by the assignee of an insolvent firm to recover moneys due upon contracts with the firm for work, &c.

The case was referred, and the referee has reported for the plaintiff. The various exceptions taken by the defendants will be noticed in the order in which they were submitted in the defendants' points.

1. The defendants object to the plaintiff's title under the assignment, upon the ground that the assignment was not executed by all the parties.

Whatever force there would have been in this objection, if properly presented, the defendants cannot receive any benefit from it in this action. When the assignment was offered to be proved, its execution, as averred in the complaint, was admitted. This admission concludes the defendants. The objection is also one which should have been made on the trial, because the want of signature of one of the defendants might have been remedied by proof of his assent to the signature of the firm, and which was, in fact, proven.

2. It is objected that there was an implied warrantee that the article should be fit for the purpose contemplated, and that they were entitled to recover a claim for extra charges caused by the non-performance of the assignor's contract. There is no special finding of the referee as to this item. He allowed the defendants an offset of $781.68. Of what this sum was composed it is not easy for us to discover, nor is it material.

The evidence as to the performance of the contract by the plaintiff's assignors, of the waiver of that performance, and extension of time for performance, as well as the value and amount of defendants' set-off, raised questions of fact for the decision of the referee. Even if we differed from him on such finding, the evidence is of that character as to render his finding conclusive.

3. It is objected that the damages for non-performance of the contract within the stipulated time were liquidated damages, and that the defendants were entitled to recover those damages at one hundred dollars per diem.

Independent of the provision of the contract making this a forfeiture, I think the cases do not warrant the conclusion that this amount was to be considered as liquidated damages.

The case which throws most doubt upon this question, is that of Cotheal agt. Talmadge, (5 Selden, 551,) but in that case the contract was of that particular character

which could not be separated as to performance, so as to assess damages for a breach of one part and not the other. The judge said, in referring to that case: "from the nature of the adventure, the amount of gain by a strict performance of the contract could not be foretold, and the amount of loss could not be ascertained by proof; the liquidation of the damages by contract between the parties was therefore prudent and reasonable."

Here the contract was for doing a piece of work in building a vessel. The defect in completion might have been a hinge or a lock, or some trifling matter which a very little expense would remedy, and consequently a very small amount of damage would be the result.

To hold, under such circumstances, this to warrant the recovery of the amount of damages named as liquidated, would operate very severely, and should require a clear expression of the intent of the parties.

The distinction between this and the case above referred to is, that here the damage can be easily ascertained, and should have been remedied by the defendants, instead of asking for a daily penalty for the non-performance. RUG-GLES, J., says, in *Cotheal* agt. *Talmadge*: "The only plausible ground for withholding the doctrine (of liquidated damages) is, that the party might be made responsible for the whole amount of damages for the breach of an unimportant part of his contract, and so be made to pay a sum by way of damages grossly disproportionate to the injury sustained by the other party." This I suppose to be the true rule, as it is to be drawn from the cases, and the application of this rule to the present case would sustain the finding of the referee. I am free to say that I have never been able to see the propriety of denying to the parties, in any case, the right to fix the amount of damages to be recovered in case of non-performance of a contract, and have always thought, where the parties have agreed on a

sum which they say shall be liquidated damages, that they should be held to their contract as they make it.

There will now and then be an apparently hard case, but the establishment of such a rule, when clearly understood, would make parties more careful in making contracts, and would relieve the courts from many gross contradictions, which now exist in the cases on this subject.

We do not feel at liberty to adopt this as the rule in all cases with the decisions before us, and must leave it to the higher court, if they should think it best to overrule these decisions.

4. Whether or not there was an adjustment of the amount due between the parties, was a question of fact for the referee. His finding is consistent with the evidence.

5. The same remarks apply to the alleged counter-claim for extra charges of work on " The Virginia."

6. The ruling of the referee as to the conversations in regard to the Cornelia, prior to the written contract, was not erroneous.

Those conversations were merged in the written contract. They were in no sense admissible, unless to explain some terms which would not be otherwise understood. No such object was avowed, and it is clear that no such reason existed to admit the testimony.

7. The question put to Belknap was one put to an expert on a matter with which the court or jury could not be supposed to be conversant, and as such was admissible.

Such evidence is admissible to explain technical terms in a contract, and also, as in this case, to explain the meaning of provisions used in a specification.

My conclusion is that the referee committed no error which will call for a reversal of this judgment.

Judgment affirmed with costs.