By the Court.—Monell, J.
Section 18 of the act to authorize the foundation of corporations for manufacturing, mining, mechanical, and chemical purposes (Laws, 1848, chap. 40), provides that:
i “ The stockholders of any company organized under the provisions of this act, shall be, jointly and severally, individually, liable for all debts that may be due, and owing to all their laborers, servants and apprentices, for services performed for such corporation,’.’ and the chief question presented, is whether the plaintiff was a servant of the company, within the fair intent and purpose of the statute.
The facts in this case are very similar to those in Hovey v. Ten Broeck, 3 Robt. 316, where we held that a person occupying the position, and performing the duty, of a general superintendent at the mines, was a servant within the meaning of the statute.
In the case at bar, the plaintiff was employed by the company to manage their commercial and financial affairs in California and Mexico, with authority to conduct their business in all respects as the company would. Under that appointment the plaintiff performed all the duties required of him. He exercised a general supervision of the property, and of all the affairs of the company; employed and managed the men; purchased supplies and performed all the duties of a general superintendent. He kept the accounts at the mines, and attended to the payment of the men. He also traveled for the company to receive, forward and purchase machinery and supplies. There were under him from twelve to seventy-five men, engaged in mining, making roads, getting out timber and building houses.
The only difference in the character of the service performed by the plaintiff, and such as was performed by Hovey (Hovey v. Ten Broeck, sup.), was that Hovey sometimes worTced with the .men. But how *309 often or how long he worked with the men, does not appear, and it is proper to presume, from the extent of the other service performed, that the manual service was only a very small part of the service for which he recovered.
The difference alluded to, I do not think sufficient to deprive the case of Hovey of its authority. The general character of the services in the cases were alike, and were alike of a nature to bring them within the intent and purpose of the statute.
The same difference, in a smaller degree, in the character of the service, is found in the very recent case, in this court, of Vincent v. Bamford, 33 N. Y. Sup. Ct. 566 (1 Jones & Spencer). But no such difference exists in Williamson v. Wadsworth, 49 Barb. 294, where the plaintiff was the civil engineer and traveling agent” of the company, and was allowed tore-cover as for services performed by a servant.
As this court has already held (Vincent v. Bamford, sup.) that Hovey v. Broeck is not overruled by Coffin v. Reynolds (37 N. Y. 642), we are authorized to foEow that case and sustain the direction of the learned justice at the trial.
No point was made by the defendant on his objection to the judgment roll. It was necessary to prove the judgment against the company, and when proved, it furnished all that the defendant claimed should have been previously proved.
The objection to the letters from the president of the company to the plaintiff’s brother, was properly disposed of. They do> not appear to contain anything prejudicial to the defendant, or serviceable to the plaintiff; but as the. letters were directed by the writer to be sent to the plaintiff, they were competent for what they were worth. Nor was the plaintiff bound to produce and read the letter referred to in the letter of -Tuly 31. The defendant could have given it in evidence, if *310 he could have got it, or, having laid the proper foundation, he could have proved its contents. Its non-production by the plaintiff was not a sufficient reason for excluding the other letter.
It was objected for the first time on the argument of these exceptions, that as there was no evidence of any agreement by the company to pay for the services of the plaintiff after the expiration of the year commencing June 1, 1864, and as the claim in the suit was for services from June 1,1865, to May 23,1866, there could be no recovery against the defendant.
The objection comes too late. It should have been made at the trial, when the deficient evidence might z have been' furnished (Shaffer v. Guest, 6 Robt. 264; Stewart v. Smith, 14 Abb. 75 ; Colwell v. Lawrence, 24 How. Pr. 324).
Being unable to discover any error committed at the trial, I am of opinion that the exceptions should be overruled and judgment ordered for the plaintiff on the verdict.