TAYLOR (McCULLOCH v.). See Case No. 8,740.

---

## Case No. 13,797.

### TAYLOR et al. v. The MARCELLA.

[1 Woods, 302.] [1]

Circuit Court, D. Louisiana. Nov. Term, 1873.

DAMAGES—PENALTY—ACTUAL AND LIQUIDATED DAMAGE—CONTRACT.

The owners of a steamer entered into a contract for the carriage of 70,000 staves, in which was this stipulation: "We agree to forfeit $1,000 if we fail to carry out this contract." The contract was partly performed by the carriage of 57,000 staves, and the part performance accepted. *Held*, that the contract provided for a penalty to cover actual damages, and did not provide for liquidated damages, and as no actual damage was shown, none was allowed.

[Cited in The City of Alexandria, 17 Fed. 397; Charleston Fruit Co. v. Bond, 26 Fed. 21; Watts v. Camors, 115 U. S. 361, 6 Sup. Ct. 94.]

[Cited in Heatwole v. Gorrell, 35 Kan. 692, 12 Pac. 138; Eakin v. Scott, 70 Tex. 442, 7 S. W. 779.]

[Appeal from the district court of the United States for the district of Louisiana.]

In admiralty.

R. De Gray and B. Egan, for libellants.
G. L. Bright, for claimants.

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

WOODS, Circuit Judge. This is a libel brought by certain mariners for their wages, against the steamer Marcella, and against the freight earned by her on 57,000 staves. Avendano & Bros., the owners of the staves have been made defendants, and to the claim of libellants, answer in substance: That on the 16th of April, 1863, they made an agreement in writing with the owners of the Marcella, whereby the latter contracted to transport on board the Marcella, from Richland parish to New Orleans, 70,000 staves, for the freight of $55 per thousand, and to make two trips if all the staves could not be brought at one trip. Avendano & Bros. agreed to pay freight on 70,000 staves, whether they furnished that number for transportation or not, and the owners of the boat agreed "to forfeit the sum of one thousand dollars," if they failed to carry out the contract, except by reason of accidents beyond their control. The answer admits that the Marcella transported under the contract about 57,000 staves, on which the freight amounted to $3,132.80, but claims that respondents are entitled to a credit on this amount for $1,011.40, for certain staves not delivered, and for cash advanced and costs paid, leaving a balance due of $2,121.40, from which latter sum the respondents claim should be deducted the $1,000 named in the contract, as the amount to be paid by the owners of the Marcella in case they did not perform the contract.

The only point in the case is whether the respondents, Avendano & Bros., are entitled to the credit of $1,000 by reason of the failure of the Marcella to transport the 13,000 staves, the residue of the 70,000 named in the contract. No question is made of the right of the Marcella to the freight earned on the 57,000 staves, although the contract was only partially performed. The precise point to be determined is whether the $1,000 named in the contract is to be considered a penalty merely, or as liquidated damages. Suppose the Marcella had refused to perform any part of the contract, could the Avendano Bros. have recovered the $1,000 for the breach? In answering this question, it is to be noted first, that where it is doubtful on the face of the instrument whether the sum mentioned was intended to be stipulated damages, or a penalty to cover actual damages, the courts hold it to be the latter. Bearden v. Smith, 11 Rich. Law, 554. One of the tests by which this question is to be solved is the language of the contract. In the contract under consideration, the word "damages" is not used. The language is, "We, the owners of the Marcella, agree to forfeit $1,000 if we fail to carry out this contract." While no particular phraseology is held to govern absolutely, and although the term "liquidated damages" will not be conclusive, the phrase "penalty" is generally so, unless controlled by other very strong considerations. Higginson v. Weld, 14 Gray,

165; Richards v. Edick, 17 Barb. 260; Leggett v. Insurance Co., 50 Barb. 616; Powell v. Burroughs, 54 Pa. St. 329. The word "penalty" is not used in this contract, but the word "forfeit" is, which may fairly be regarded as an equivalent. The verb "to forfeit" is defined, "to lose by some breach of condition; to lose by some offense." The noun "forfeit" is defined to be "a forfeiture, a fine, a mulct." The noun "penalty" is defined, "forfeiture, or a sum to be forfeited for noncompliance with an agreement, a fine." See Worcester's Dictionary. These definitions show that the words "forfeit" and "penalty" are substantially synonymous, so that when the owners of the Marcella agreed, that in a certain contingency they would forfeit $1,000, their meaning was, that the penalty for nonperformance should be that sum. So that the contract under consideration provided for a penalty to cover actual damages, and did not stipulate for liquidated damages. The damages sustained by a breach of this contract were such as could, without difficulty, be ascertained. This is another reason for construing the contract to provide for a penalty to cover actual damages only. Kemble v. Farren, 6 Bing. 141; Lampman v. Cochran, 16 N. Y. 275; Higginson v. Weld, 14 Gray, 165; Berry v. Wisdom, 3 Ohio St. 241. In Taylor v. Sandford, 7 Wheat. [20 U. S.] 13, Marshall, C. J., said: "In general, a sum of money to be paid in gross for the nonperformance of an agreement is considered a penalty. It will not, of course, be considered as liquidated damages." But in the case under consideration there had been a part performance of the contract; by far the larger part of the service to be done had been performed, and there appears to have been an acceptance of such part performance. In such a case the rule has been laid down, that when the contract is such that it can be separated, as to performance, so as to admit of an assessment of damages for a breach of one part and not of another, a party should not, for a small omission, be made responsible for the whole amount of damages specified. Colwell v. Lawrence, 38 Barb. 643; Fitzpatrick v. Cottingham, 14 Wis. 219. In the case of Shute v. Taylor, 5 Metc. [Mass.] 61, the supreme court of Massachusetts, after stating it to be the tendency and preference of the law to regard a sum stated to be payable if a contract is not fulfilled, as a penalty and not as liquidated damages, held it decisive against the latter construction, that in the case before them there had been a part performance and an acceptance of such part performance.

These rules of construction and authorities, it seems to me, settle beyond controversy that the $1,000 named in the contract of the Marcella is to be considered as a penalty only, to cover the actual damage arising from the nonperformance of the contract. The Avendano Bros. are, therefore,

entitled to deduct in equity from the freight carried, only the actual damage sustained by the nonperformance of the contract, and cannot claim a credit for the $1,000 as liquidated damages in full. As there is no actual damage shown or even claimed, they are not entitled to any reduction from the freight actually carried. I have considered the question just as if the Marcella had attempted to offer no excuse for the nonperformance in full of her contract. It is claimed on her part, that she was disabled, and that the water in the bayou became so low as to be unnavigable for her, and that these facts excused the full performance of the contract, which provided for a failure arising from accidents beyond control. But in the view I have taken of the contract, it is unnecessary to consider this question.

Let there be a decree that Avendano & Bros. pay into the registry of the court the sum of $2,121.40, the freight due the Marcella, with interest from date of judicial demand, and without any deduction for damages.