CHARLESTON FRUIT CO. *v.* BOND.

(*Circuit Court, S. D. Georgia, E. D.*   November Term, 1885.)

1. CONTRACT—BREACH—MEASURE OF DAMAGES—PENALTY.
   Notwithstanding the apparent conflict of authorities, it is clear that where the damages for the breach of all the stipulations of a contract are uncertain in their character and cannot be readily ascertained, the sum fixed will be regarded as the settled and agreed damages; but where some of the breaches are ascertainable and some not, as it is a penalty as to some, it is a penalty as to all.

2. SAME—AMOUNT TO BE FORFEITED.
   It would be manifestly at variance with the principle of just compensation, where there are many stipulations in a contract, some trivial and some grave, some ascertainable in damages and some not, to hold that it was intended a large sum should be forfeited for any breach.

At Law.

It was agreed that the court should direct the verdict.

*Garrard & Meldrim,* for plaintiff.

*Denmark & Adams,* for defendant.

SPEER, J.   The plaintiffs are dealers in tropical fruits in the city of Charleston.   The defendant deals in the same products in the city of Savannah.   A contract was made between these parties by which it was agreed that the plaintiffs, from November 1, 1884, to May 1, 1885, would sell to the defendant, and deliver on board the cars at the Charleston & Savannah Railway depot, in Charleston, from each vessel consigned to the plaintiffs not less than 200 nor more than 500 bunches of bananas, and not less than 2,500 and not more than 5,000 cocoa-nuts.   For January, February, March, and April, 1885, not less than 200 and not more than 500 bundles of bananas, and cocoa-nuts to a number optional with defendant, but not to exceed 5,000.   The defendant agreed to receive the specified quantities of fruit and nuts on the cars at the depot, and then plaintiff had no further care concerning them.   The defendant agreed to pay for the fruit $1.10 per

bunch for bananas, and $30 per 1,000 for cocoas, each shipment to be paid for in 30 days. The defendant contracted not to import, nor cause to be imported, nor be interested in, nor associated with, any other parties in the importation of bananas or cocoas from November 1, 1884, to May 1, 1885, and should any cargoes of fruit arrive in Savannah during the specified period he agrees not to ship on commission to Charleston, nor to permit others so to ship, if in his power to prevent it, any portion of such cargo to any other person than the plaintiffs. The contract contains two clauses from which springs the litigation in this court. They are as follows:

"The said party of the first part do hereby agree and bind themselves not to sell any other party or parties any bananas and cocoa-nuts, during the existence of this contract, in the city of Savannah, Georgia, except Joseph B. Reedy."

And this:

"For the faithful performance of this contract we do each bind ourselves, one to the other, in the penal sum of $1,000."

The contract contains no other stipulations of a material character.

It is clear from the evidence that the plaintiff, just before the Christmas holidays, 1884, sold a large quantity of bananas and cocoas to one Cheatham, a fruit dealer in Savannah. This was within the period named in the contract. It was a plain violation of its terms, and the sale was accompanied with such circumstances of disregard for the provision of the contract, with reference to this stipulation, as were likely to irritate the defendant. In the mean time the contract had been partly performed, and a large quantity of bananas and cocoa-nuts had been shipped to the defendant. On this breach, notifying the plaintiffs that he had discovered what he deemed their breach of contract, the defendant withheld $1,000 due on account of these shipments to him; and this action is brought by the plaintiffs to recover that amount.

The plaintiffs having thus committed a breach of their contract, their right to recover in this action depends on the determination whether the sum mentioned is to be held a penalty or liquidated damages. If this be a penalty, the defendant has no authority to withhold any portion of the amount due to the plaintiffs. If, on the other hand, the sum is the liquidated damages for breach of the agreement, fixed and agreed upon between the parties, that very sum is the ascertained damages, and he would be entitled to retain it.

An English judge has said, after an examination of this very question: "The only thing I am certain about is that there is a conflict of opinion." This much, however, is clearly settled: the question whether a sum mentioned is a penalty or liquidated damages is one of construction, looking to the real nature and substance of the agreement. The words "liquidated damages" are not conclusive; nor, where it is expressly declared a penalty, is the court bound by the

language. On the general question, however, we find, not only *dicta* opposed to *dicta*, but decisions opposed to decisions.

It will be observed that there are a number of covenants in the contract under consideration. Stipulation is had as to delivery of goods, and the place is fixed. The quantity is specified from each cargo in November and December, 1884, and a different quantity for March and April, 1885. The price to be paid is named, and the time of payment. The defendant is not to import, or cause to be imported, or to ship to Charleston, except to plaintiffs, any such merchandise. The plaintiffs stipulate that they will not sell to any other person in Savannah, except to Reedy. The defendant is to have the privilege of inspecting the fruit in Charleston. For the faithful performance of the agreement, embracing all these stipulations, the parties each bind themselves, one to the other, in the penal sum of $1,000.

The Code of Georgia (paragraph 3, § 2757) affords a lucid statement of a cardinal principle of construction of contracts:

"The construction which will uphold a contract in whole or in part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part."

It follows that we cannot, from the consideration of questions arising from clauses of greater importance, eliminate the legal consequences flowing from the presence of stipulations of minor importance. Now, there is a numerous class of cases which show that where there are a number of things to be done, and one large sum is to be paid in respect of the non-performance of various matters of different degrees of importance, then the court will construe the sum, if it can do so, as a penalty, and not as liquidated damages. *Wallis* v. *Smith*, 21 Ch. Div. 250.

In the leading case of *Kemble* v. *Farren*, 6 Bing. 141, Chief Justice TINDAL, in giving the opinion of the full court, while stating and holding the proposition insisted upon by defendant's counsel here,— viz., that if the claim be limited to breaches which were of an uncertain nature and amount, it would have had the effect to ascertain and liquidate the damages,—goes on to say:

"If, therefore, on the one hand, the plaintiff had neglected to make a single payment of £3 6s. 8d. a day, or on the other hand, the defendant had refused to conform to any usual regulation of the theatre, however minute or unimportant, it must have been contended that the clause in question in either case would have given the stipulated damages of £1,000. But that a very large sum should become immediately payable in consequence of the non-payment of a very small sum, and that the former should not be considered as a penalty, appears to be a contradiction in terms; the case being precisely that in which courts of equity have always relieved, and against which courts of law have, in modern times, endeavored to relieve, by directing juries to assess the real damages sustained by the breach of the agreement."

It is safe, in view of the apparent conflict, to say that when the damages for a breach of all the stipulations are uncertain in their nature, and cannot be ascertained, the sum fixed would be regarded

as the settled and agreed damages; but when some of the breaches are ascertainable, and some are not, in that case, as it is a penalty as to some, it is a penalty as to all. *Atkyns* v. *Kinnier*, 4 Exch. 776. This distinction will be found to be fully sustained by the American authorities. Applied to the case at bar, it would determine in favor of the plaintiff's right to recover.

In Suth. Dam. 512, it is stated that when the damages are uncertain or difficult of proof, and the result is not manifestly at variance with the principle of just compensation, the sum is held liquidated. But it would be manifestly at variance with the principle of just compensation, when there are many stipulations, some trifling and some grave, some ascertainable in damages and some not, to hold that it was intended that a large sum should be forfeited for any breach.

In *Swift* v. *Crow*, 17 Ga. 609, it is held where there is a covenant to perform several things or pay the sum specified, and the claim may extend to the breach of any stipulation, in such case, it seems to be well settled that the sum specified should be in the nature of a penalty.

Four text writers of recognized usefulness, if not authority, sustain this proposition. In Suth. Dam. 424, after reviewing an array of authority, the author concludes:

"This is believed now to be the doctrine generally held. If a gross sum is stipulated to be paid for any failure to fulfill an agreement consisting of several parts, and requiring several things to be done or omitted, it is a penalty."

Wood's Mayne, Dam. 209, is identical in substance.

2 Sedg. Dam. 250, and note, discussing *Kemble* v. *Farren*, the author states:

"A distinguishing mark which the court seems to have had in mind in deciding the case was that there were stipulations of different degrees of importance, some trivial in character, all secured by one large sum. And the rule generally deduced from the case by subsequent decisions, and applied in practice, is that a sum fixed as security for the performance of a contract containing a number of stipulations of widely different degrees of importance, breaches of some of which are to be capable of accurate valuation, is to be regarded as a penalty."

See, also, Field, Dam. 137–154.

An exceedingly clear exposition of this doctrine is found in the Circuit Court Reports of Mr. Justice Woods, (*Taylor* v. *Steamer Marcella*, 1 Woods, 302,) and is of great weight and force of authority.

The court has examined with care all of the decisions cited in the able argument of the counsel for the defendant. They do not affect the rule already stated. Without exception they construe contracts where there is but one stipulation, or where no damage is ascertainable,—in one an agreement to procure an assignment of a mortgage, in another not to run a stage, another not to practice as surgeon or apothecary, again not to keep a victualing-house, and several not

to keep drinking-houses. The distinction between decisions of this class and the case before the court is obvious.

The conclusion is that the sum fixed in the contract under consideration is a penalty; and, the defendant having specified no damage, the plaintiff must recover.

The jury will find for the plaintiff a verdict for $1,000, with interest and costs of suit.