ALBANY,
Feb. 1811.

M'NITT
v.
CLARK.

</div>

——— ⊕ ———

## M'NITT against CLARK.

THIS was an action of debt on a bond, dated *June* 26, 1807, for 1,200 dollars. The condition was, if the defendant should pay to the plaintiff 600 dollars in one year from the date, or 400 dollars in 6 months from the date, then the method of separating, collecting and preparing the sulphate of ashes into *sal. polychrist.* or *tart. vitriol.* was to belong to the defendant, and the whole right of vending the same in the county of *Chenango,* and nowhere else, or otherwise the defendant was to return two thirds of the profits arising from the sales of such patent right, at the end of every six months; and at the end of six months the defendant was to have his choice, either to pay the 400 dollars, or return two thirds of the profits, or to pay the 600 dollars at the end of one year, or return two thirds of the profits at that time; and the defendant was to prosecute such as should violate the patent right granted to the plaintiff, at his expense.

This suit was commenced in *November* term, 1808. The breach assigned in the declaration was, that the defendant did not pay to the plaintiff the sum of 400 dollars at the end of six months, nor return two thirds of the profits, &c. at the end of every six months, nor has he paid to the plaintiff 600 dollars at the end of one year from the date of the said bond, &c.

*Where, by the condition of a bond, the obligor had an election to pay 600 dollars for a patent right, at the end of twelve months, or to account to the obligee for the profits, &c. and the obligor sold the right to a third person, and made no election within twelve months; it was held, that the obligor having failed to make his election, or to perform any part of the condition of the bond, within the time specified, he had lost his election, and the obligee might elect which he would demand, and hold the obligor for the payment of the 600 dollars.*

The cause was tried at the *Oneida* circuit, in *June,* 1810, before Mr. Justice *Spencer.*

The plaintiff having proved the execution of the bond, insisted that the defendant, not having elected to account and return the profits, &c. within the time mentioned in the condition, was precluded from availing himself of such an election and defence, by accounting for the profits; but the judge was of opinion that the defendant might avail himself of a defence upon the third alternative of accounting, without showing any previous election; and that the plaintiff must prove the profits received by the defendant, in order to recover more than nominal damages.

The plaintiff proved, that the defendant had sold the patent right he had purchased of the plaintiff to one *Burritt,* on the 26th of *September,* 1807, and insisted, that the defendant had thereby lost the benefit of electing to account for the profits, and was bound to pay one of the specific sums mentioned in the condition of his bond. But the judge charged the jury that the plaintiff was entitled to recover nominal damages only, and a verdict was found accordingly.

A motion was made to set aside the verdict, and for a new trial.

*Gold,* for the plaintiff. He cited *5 Viner,* 210. *Condition,* § 13. pl. 4. Y. pl. 13. p. 217. pl. 15. *Cro. Eliz.* 864. *Cro. Jac.* 594.

*Sedgwick,* contra. He cited *Com. Dig. Condition,* (K. 1.) 1 *Roll. Abr.* 446, l. 20. *Powell on Contracts,* 397. 399. *Bac. Abr. Condition,* (P.)

*Per Curiam.* The defendant showed nothing in his defence, and he is, therefore, to be considered as having failed in every part of the condition of the bond, and to have performed neither alternative. He had his elec-

tion to pay the 400 dollars at the end of six months, or account, or to pay the 600 dollars at the end of one year, or account for the profits; but having totally failed, he has lost his election, and the plaintiff may now elect for himself. This is a settled principle. The case of 13 *Edw.* IV. pl. 12. and which is abridged in *Bro.* (*Dette,* pl. 159.) established this rule. That was debt upon an obligation to pay 20*l.* or 20 bales of wool, and the plaintiff demanded the 20*l.* *Pigot,* J. and *Brian,* J. held, that before the day of payment the obligor had his election to tender which of them he would, but that, after the day of payment, and no tender made, the obligee had his election to demand which he would. But *Brian,* J. admitted, that if a man be bound to pay 20*l.* at *Easter,* or 10*l.* at *Michaelmas,* here, although he paid not at the first day, he can pay at the second day. In *Dyer,* 18. a. *Baldwin,* J. and *Englefielde,* J. recognised the same doctrine; and the cases cited from *Cro. Eliz.* and *Cro. Jac.* are to the same effect.

The sale which the defendant made of his right, under the contract in *September,* 1807, precluded him from the ability to account, as agent or factor, for the proceeds, and he is now bound to pay the 600 dollars.

The motion, therefore, on the part of the plaintiff, for a new trial, must be granted, with costs to abide the event of the suit.

<div align="center">New trial granted.</div>