We concur in the opinion of his Honor in the court below. If there was an error it was one of which the defendant has no right to complain. It appears to us too plain to admit of a doubt that neither the horses in the stable nor the wagons were delivered. Cunningham, the defendant in the execution, stood at the door of the stable, armed *Page 239 
with a deadly weapon, and opposed the entrance of the plaintiff. The latter was going beyond the calls of his duty in attempting to go into the stable; he had the bond of the defendant to deliver them to him. Nor was it necessary to tell the defendant to go in and bring them out; it was his duty to do so, if he wished to save his bond. The silence of the plaintiff under the circumstances of the case, when addressed by the defendant, was no discharge of his obligation. Nothing but a positive declaration on the part of the plaintiff, in answer to the inquiry of the defendant, that he would not receive them if brought and tendered could have that effect. With respect to the wagons, the same (340) remarks apply. When the two horses were sold, Cunningham declared, not that no more of his horses should be sold, but that no more of his property should. This declaration necessarily included the wagons, for they had been levied on and are specified in the bond. His arming himself was, according to his declaration, to protect all the property subject to the execution, and the wagons were protected by the same force that protected the horses. The question is not whether the plaintiff would not have been justified in taking them into his possession, but whether the declaration of the defendant under the circumstances did amount to a delivery, so as to redeem his bond. To us it appears, as it did to his Honor who tried the cause, to be a mere mockery so to hold. The delivery which would save the condition of the defendant's bond was such an one as would place the property in the quiet and peaceable possession of the plaintiff — not one which called upon him to fight to get the possession.
But a full answer to the defendant's objection is that the oxen and harness were not delivered. When a covenant is entered into for the delivery of a variety of articles, the covenant is broken if all are not delivered. Thompson v. Gaylord, 3 N.C. 150. The defendant's argument is founded upon the assumption that the defendant has a right to select what part of the property levied on shall be sold. This is a mistake. It is the privilege of the officer to make the selection. For the time being and for the satisfaction of the execution, he is the owner of the property. A court of equity might, under peculiar circumstances, control his discretion in the sale; and after selling as much as satisfies the process in his hands, he has no right nor authority to sell more; but still he has a right to have the whole delivered. It is unnecessary to pursue these views any further. We are of opinion that neither the wagons nor the horses in the stable were delivered, and that there is (341)
PER CURIAM. No error. *Page 240