Judge Ryland
delivered the opinion of the court.
This was a proceeding under our statute concerning executions, in order to qbtain judgment on a forthcoming bond, which had been taken by the sheriff for the delivery of property levied on by him, to satisfy the five executions, in favor of the appellees separately, as mentioned in the appellees statement of the case as above.
This proceeding is founded on the following sections of the said act:
Sec. 31. When the sheriff or other officer charged with the service of an execution shall levy it upon personal property, the defendant may retain possession thereof until the day of sale, by giving bond in favor of the plaintiff with sufficient security to be approved by the officer, in double the value of such property, conditioned, for the delivery of the property to the ofiice, at the time and place of sale to be named in such condition.
Sec. 34. If the condition of the bond shall be brokep and the execution returned u-nsatisfied, the defendant and the sureties shall be deemed to have notice of the facts, and tbe plaintiff, without further notice, may, on the first or any subsequent day of the- return term of the execution, mpve the court for judgment on the bond against the defendant and his sureties, or any of them, as the plaintiff may at his option bring suit on the bond.
Sec. 35. If any controversy arise on the motion, it shall be heard and determined in a summary way, without the form of pleading, and, unless the demand be avoided, a judgment shall be rendered thereon without delay, according to the circumstances, as follows: “If the value of the property so levied on, and not delivered at the day of sale, be less than such amount, the judgment shall be 1‘oe tbe value of tbe property so not delivered, with ten per cent, damages for the delay and costs in both cases.”
In this case the amount of the value of the property levied on, as appears from the bond taken by sheriff is less than the amount of the judgment in which executions had issued, and had been levied—that is, the value of the property- was less than the debt.
. It was then right of th.e plaintiff under this statute to have judgment *462 for the amount of the value of the property levied on with ton pev cent, damages thereon—that value being less than the debt. Had the value of the property levied on been more than the debt, the judgment would have been for the amount of the debt only, with ten per cent, damages.
A delivery of a pa,rt of the property levied on is not a performance of the condition of the bond. The plaintiff may still have his motion and judgment and damages ; but whatever amount shall have been made by the sheriff upon a sale of the delivered property, shall be credited on the judgment.
We se^ no error in th§ judgment of tin? coui;t below, and its jtidg-r meat is affirmed.