No. 103.—J. SEDGEWICK SWIFT, plaintiff in error, *vs.* THOMAS CROW, defendant.

[1.] T C executed a bond by which, in consideration that S would yield up to him a certain mortgage, given to secure payment of a promissory note due by T C to S, he bound himself to pay the sum of One Hundred Dollars to S, upon condition that he should fail to give to S acceptable security on this note within ten days, and should also fail, before the first of May then next, in giving to S a mortgage on real estate as further security, and pay the recording fee for the same. Upon action brought for a breach of said bond: *Held*, that the sum stipulated was in the nature of a penalty, and not of liquidated damages.

Debt, in Whitfield Superior Court. Tried before Judge TRIPPE, April Term, 1855.

This was an action of debt for breach of the covenants of the following bond:

"GEORGIA, UNION COUNTY:

J. Sedgewick Swift having, at my request, yielded up a mortgage given him to secure a note made to him by myself and James Crow, for Two Hundred and Thirty-five Dollars— now in consideration of said accommodation, and the trouble caused to him, I bind myself, my heirs, executors and administrators, that I will pay the said Swift, his heirs and assigns, One Hundred Dollars."

"The condition of this bond is, whereas, I promise, first, to give acceptable security on the note aforesaid, within ten days; and secondly, before next May to give said Swift a mortgage deed of sufficient real property in Murray County, and pay the fee for recording the same, all without trouble or expense on the part of said Swift; said deed for securing payment of said

note.  If I shall do all the above  this bond will be void, else remain in full force.

Signed and sealed, Nov. 29, 1847.

his<br>
THO'S ⋈ CROW, [SEAL.]<br>
mark.

Test, M. B. Owenby,
          Wm. G. McCarson."

The declaration charged that Crow had not given the security or  the mortgage, as stipulated.

On the  trial, the bond was  introduced, and it was admitted that the note referred to had been sued on,  and  judgment obtained  at that term against James and Thomas Crow, for the whole of the principal and interest.   Here the plaintiff closed his case.

Whereupon, defendant moved  to  dismiss the cause, on the ground that the proof did  not  make  out the  case—which the Court sustained, and dismissed  the case ; and this  decision is alleged as error.

SWIFT;  MILNER, for plaintiff in error.

WALKER, for defendant in error.

*By the Court.*—STARNES, J. delivering the  opinion.

Whether or not the amount that a party  to a bond like that before us agrees to pay upon condition, is in the nature of stipulated damages or of  a penalty,  is  frequently a matter of no little difficulty to determine.   One thing in this connection seems clearly settled, viz: that the policy of the Courts, is, if possible, to view such sum as in the nature of a penalty.   (*Ch. on Con.* 862, and see cases there cited.)

Notwithstanding this, if  the agreement  provide that a certain sum shall be paid in the event of performance or non-performance of  *a particular specified act,* in regard to which dam-

ages may arise in case of default, and there be no words evincing an intention that the sum reserved in case of a breach shall be viewed only as a penalty, such sum may be recovered as liquidated damages. (*Leighton vs. Wales*, 3 *Mees. & W.* 545. *Ch. on Con.* 866.)

But where the covenant is to perform several things or pay the sum specified, and the claim may extend to the breach of ·*any* stipulation, in such case, it seems to be well settled, that the sum specified should be considered in the nature of a penalty. (*Astley vs. Weldon*, 2 *Bos. & P.* 345. *Kemble vs. Farren*, 6 *Bing.* 141. *Davies vs. Panton*, 6 *B. & C.* 210. *Ch. on Con.* 863, 864. *Sedg. on Dam.* 406, 407, 408.)

Now the agreement in this case was first to give acceptable ·security on the note in ten days; secondly, before the first day ·of May then next, to give a mortgage on real property as additional security; thirdly, to pay the fee for recording the same. Here, then, are two or three stipulations, a failure in ·either of which would appear to be a breach of the bond. And yet, if that failure were only to pay the recording fee, would it not be most unreasonable that the sum of One Hundred Dollars should be paid as damages?

In consideration of this, and forasmuch as policy favors the view which regards the sum thus stipulated to be paid as a penalty, rather than as settled or liquidated damages, we feel it our duty to hold, that the plaintiff is entitled to recover on this bond only such damages as he may be proven to have suffered by breach of the same.

Judgment affirmed.