### Brumby *et al. vs.* Barnard, agent.

[Jackson, Judge, was providentially prevented from presiding in this case.]

1. Continuance to establish a defense that was not good in law on the face of the record, was properly denied, even if the denial was rested on the insufficiency of the showing as to extrinsic facts, and if the showing, in that respect, was not without some strength.

2. When the object of a bond is to have certain property forthcoming to answer for a certain debt, and by the condition, the obligors undertake to preserve the property and produce it on demand, or pay the debt, they must do one or the other, though which they will do is at their election. If they produce a part of the property (for the purpose of being sold and applied to the debt,) and consume the residue, the proceeds of so much as is produced by them and accepted by the obligee, will go in reduction of the debt, and the balance of the debt will be the measure of recovery in a suit on the bond.

3. The acceptance by the obligee of the part produced, is no election by him to measure his recovery by the value of the residue, rather than by the balance of the debt.

4. Where the amount of the debt and the quantity of the property are both set forth in the condition of the bond, parol evidence to vary the condition as to either, is not admissible, in the absence of proper allegations of fraud, accident or mistake.

Continuance. Bond. Evidence. Contracts. Before Judge Rice. Clarke Superior Court. August Term, 1877.

Barnard, as agent of the Georgia Railroad, brought complaint against Brumby and Hunnicut, on a bond the condition of which was as follows:

" The condition of this bond is such, that whereas the said Barnard, agent as aforesaid, has delivered to the said Brumby certain twenty-seven car-loads of tan-bark to be hauled to the premises of the said Brumby, and there stowed safely and free of charge or expense to the said Ga. R. R. & B'g Co. Now should the said Brumby safely and faith-

fully store said twenty-seven cars of tan-bark, holding the same solely and exclusively subject to the order of the said Barnard, agent as aforesaid, and keeping the same amply covered by a policy of fire insurance, and promptly and without let or hindrance, deliver the said bark on the order of the said Barnard, agent as aforesaid, to whomsoever the said bark may be sold by the Ga. R.R. & B'g Co., to realize freight charges on said bark, or should the said Brumby pay, or cause to be paid, to the said Barnard, agent as aforesaid, the sum of $1004.50, the amount due for freight on said bark, then this bond is null, etc."

The defendant pleaded the general issue, that Hunnicut was security only, and had no other connection with the case, and that the bond sued on was given only to secure the railroad in the payment of certain freight on tan-bark due by him to it, which he admits to be $350.00, but denies to be any more. Hunnicut pleaded part performance, in this that Brumby delivered to plaintiff enough of the bark to produce $376.00 in March, 1876; that by accepting this bark, plaintiff waived all right under the bond to claim the penalty as liquidated damages, and can now only recover the value of the bark not so delivered.

When the case was called for trial the defendants moved for a continuance on account of the absence of the defendant, Brumby. It was shown that he was suffering from nervous debility and general bad health resulting from overwork, and had, under the advice of his physician, gone to the mountains for recreation, trout fishing, etc.

The motion was overruled.

On motion of the plaintiff all of the pleas were stricken except that of the general issue.

Barnard testified as follows: Delivered to Brumby twenty-seven car-loads of bark under the bond. Some of the cars were badly loaded, not full. A full car-load of bark is about eight cords. Demanded frequently the money or the bark. Only a portion of the bark was returned, which, after a month's advertisement, was sold at public

outcry for $376.00, Brumby being the purchaser. This amount was entered as a credit on the bond. Brumby told witness that he had used about seventy cords of the bark.

No other evidence being introduced, the court charged the jury and they found for the plaintiff $628.50.

The defendants moved for a new trial, because the court erred in overruling the motion for a continuance, in striking the pleas, and in charging the jury that if Brumby did not deliver the bark when demanded by plaintiff, then the defendants are liable for $1004.50 mentioned in the condition of the bond; that if a portion of the bark only was delivered to the plaintiff, then the defendants are entitled to a credit of its value, and the plaintiff is entitled to recover the balance of the $1004.50.

The motion was overruled and the defendants excepted.

N. J. HAMMOND; T. W. RUCKER; COBB, ERWIN & COBB, for plaintiffs in error.

EMORY SPEER, for defendant.

BLECKLEY, Judge.

1. The writer of this opinion knows from personal experience that an invalid may be able to ramble among the mountains and fish a little for speckled trout, without being fit for business in the court-house. The other members of the court are weak in the faith, and seem loath to recognize a state of health so ambiguous. We all think that, as the defense on the record was not sound in law, the refusal of a continuance to establish it was not positive error.

2. The bond was to produce certain property or pay a certain debt. Which they would do was at the option of the obligors. The object of the contract was evidently to make the debt secure, the same having arisen out of transportation of the property, and being an amount agreed upon as due for freight thereon. It was doubtless assumed that

the property was worth more than its own freight. The scheme of settlement was, to have security for the return of the whole property, so that the opportunity to realize the entire freight bill out of the same might be, after delivery to the consignee, just what it would have been had delivery not taken place. But a return of the property was a secondary and subordinate consideration. The main thing was to collect the freight; and the consequence of a failure to return the property was, that the freight was to be paid by the makers of the bond. They had but one way to save themselves from paying the freight, and that was, to put the other party in *statu quo*. This they failed to do. Some of the property was returned, sold, and the proceeds applied to the debt. They retained the balance of the property, and converted it to their own use. The claim they now make is, that instead of completing the discharge of the debt as the result of their failure to produce all the property, they shall account simply for the value of the property not produced, making the latter the measure of damages in the present action on the bond. The contract was to produce the property or pay the debt. The performance offered is to produce some of the property, and pay, not the debt, but the value of the balance of the property. The obligors did not bargain for the right of retaining any of the property, except on condition of paying the debt; they now want that right, on condition of paying less than the debt—that is, the value of so much of the property as they have thought proper to keep and consume. This would throw the risk of decline in price upon the plaintiff, without giving him a chance to benefit by a future advance. The defendants never stipulated for the right of keeping the property at its actual value, but only at the amount of the debt. The plaintiff was a creditor in possession, having the whole property for security. The defendants substituted for that security their engagement to restore it in full or pay the debt in full. Not having done the former, they

must do the latter. So it is "nominated in the bond." 7 John., 465; 2 Ad. on Cont., 7 §319.

3. When a part of the property was produced and accepted, the obligee had a right to expect that the balance. would be forthcoming also. His acceptance of so much was no new undertaking on his part. It did not oblige him to measure his recovery on the bond by the value of the residue, instead of the balance of the debt.

4. Parol evidence was not admissible to vary the terms of the bond, in respect to the true amount of the debt or the true quantity of the property. Both these matters were set forth in the writing, and there was no proper allegation of fraud, accident or mistake to serve as the basis of reforming the instrument. Nothing in the whole range of the contract was more material than these two elements, the amount of the debt, and the quantity of the property. The attempted defense was without merit, and the court did not err in the disposition made of it.

Cited in the argument: (continuance) Code, §§3524, 3521; (damages) *Ib.* §2941; 17 *Ga.*, 609; 44 *Ib.* 507; 5 Metcalf, 62; Sedgwick on Dam., 491, *note*; 19 Barb., 388; 16 N. Y., 275.

Judgment affirmed.