[No. 6,613.—In Bank.]

## PHILIP METROVICH v. LAZEL JOVOVICH ET AL.

UNDERTAKING TO RELEASE ATTACHED PROPERTY—BREACH OF UNDERTAKING.—The condition of the undertaking given under § 565 Code of Civil Procedure to release attached property, requires the property to be redelivered, or its value paid upon a judgment for the plaintiff; and the terms of the undertaking are not complied with by an offer to return or by a return of a portion of the property attached.

ID.—ID.—MEASURE OF DAMAGES—CONFLICT OF EVIDENCE.—In an action for breach of such an undertaking, in which it appeared that a portion of the attached property was levied upon and sold by the sheriff under an execution upon the judgment:

*Held*, that the measure of damages was the full value of the property attached less the amount of the proceeds of the sale.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial in the Fourth District Court, City and County of San Francisco.   MORRISON, J.

*Lloyd, Newlands & Wood*, for Appellants.

This appeal calls for the establishment by this Court of the correct measure of damages in an action upon an undertaking given under the provisions of §§ 554 and 555 of the Code

of Civil Procedure, in a case where a portion of the property released has been returned and sold by the Sheriff. It seems evident that the intention of the Legislature in allowing a release of property upon giving such an undertaking as that here in question, was to permit the return of a part of the property, and payment for the unreturned portion. (*Harding* v. *Minear*, 54 Cal. 502–507; *Roberts* v. *Dunn*, 71 Ill. 46; *Allen* v. *Carty*, 19 Vt. 68; *Dehler* v. *Held*, 50 Ill. 491, 495; Rev. Stats. Ill., 1874, §§ 14, 18, 154; § 3300 Civ. Code; *DeWitt* v. *Morris*, 13 Wend. 496; *Moon et al.* v. *Story*, 2 B. Monroe, 354.)

*R. R. Provines*, for Respondent.

We contend, on the part of respondent, that upon the failure of the defendant in the attachment suit to redeliver the property released, to the Sheriff, upon his demand, the condition of the undertaking was broken, and the liability of the defendants here for the full value of that property became fixed. (§ 555 Code Civ. Proc.; *Frankel* v. *Stern*, 44 Cal. 168; *Curtis* v. *Richards*, 9 Cal. 33; Drake on Attach., § 342, ed. of 1878.)

MORRISON, C. J.:

The plaintiff brought an action in the District Court of the Twelfth Judicial District, against one Marovich, for the recovery of the sum of seven hundred and seventy-five dollars, alleged to be due on a contract for the direct payment of money, and procured a writ of attachment to be issued in said action. The writ was duly levied on certain property of the defendant in the action, and to procure the discharge of the attached property, the defendants in this action executed and delivered an undertaking, conditioned as follows: "Now, therefore, we, the undersigned, residents, etc., in consideration of the release of the premises, and in consideration of the release from the attachment of the property attached, as above mentioned, and the discharge of said attachment, do hereby jointly and severally undertake in the said sum of one thousand dollars, and promise that in case plaintiff recovers judgment in the action, defendant will, upon demand, redeliver such attached property so released to the

proper officer, to be applied to the payment of the judgment, and that in default thereof we will, on demand, pay to plaintiff the full value of the property released, not exceeding the sum of one thousand dollars."

On the execution of the foregoing undertaking, the attached property was released from the levy, and on the fifth day of December, 1876, the plaintiff recovered a judgment against Marovich, for the sum of seven hundred and fifty-nine dollars and ten cents, and the further sum of two hundred and nine dollars and ten cents costs, upon which judgment an execution was issued on the fifteenth day of March, 1877. On the twentieth day of March, 1877, the officer having the writ of execution in his possession, demanded of Marovich a redelivery of the property attached, but such redelivery was refused. Demand of the property was also made by the officer, of the defendants in this action. The evidence shows that a portion of the property attached consisted of fruit, and was therefore perishable in its nature; that some of the property had been sold by Marovich, while the action was pending against him, and that other property of a similar nature had been purchased by him. It also appears in the case, that some of the attached property was still in the store of Marovich, at the time the officer made demand of him for the redelivery of the property, and that it was levied upon and sold by the Sheriff. The finding of the Court below on this subject was as follows: "That no part of the said property was returned or delivered to the said Sheriff, by the said Marovich or either of the defendants, but the said Sheriff, under said writ, did then and there levy upon and take certain personal property found in the possession of said John Marovich, at the same place where the property taken under said attachment was situated at the time of the release from attachment, and a portion of which personal property constituted and was a portion of the property originally seized under the writ of attachment, and released to said Marovich upon the giving of the bond herein sued upon, and said Sheriff did afterwards sell, under said writ, all the property seized under said execution, and said Sheriff afterwards returned said execution unsatisfied, but with a credit indorsed thereon of two hundred and eighty-four dollars and

eighty-nine cents." Plaintiff had judgment against the defendants for the balance due on the judgment obtained by him against Marovich, after deducting the amount raised by the Sheriff on the sale of what remained of the attached property.

On behalf of the defendants it is ·contended that the evidence showed that the value of the property sold by Marovich, pending the attachment suit, did not exceed the sum of one hundred dollars, and, therefore, it is claimed on their behalf, that judgment should be had against them only for the value of the property *not returned.* But there was other evidence in the case, showing that the property attached was of the value of seven hundred dollars. The undertaking was given under § 555 of the Code of Civil Procedure, and the language of it is that, "in case the plaintiff recovers judgment in the action, the defendant will, on demand, redeliver the attached property so released to the proper officer, to be applied to the payment of the judgment, or in default thereof, that the defendant and sureties will, on demand, pay to the plaintiff the full value of the property released."

The condition is that the *attached property* shall be returned, and the terms of the undertaking are not complied with, by an offer to return, or by a return of a *portion* of the property attached. It was not pretended in this case that there was any return, or offer to return, the *whole* of the property attached. The evidence conclusively shows that the defendant in the attachment proceeding had put it out of his power to make such return, and, therefore, a return was impossible. Immediately upon the demand and failure to make the return required by the terms of the undertaking, the sureties became liable to pay the full value of the property attached, and this was the extent of their liability, as fixed by the judgment of the District Court. They were credited with the amount for which the residue of the property sold, and judgment passed against them for the value of the property attached, after making the proper credit.

There was no error in the proceedings of the Court below, and the judgment and order are therefore affirmed.

McKINSTRY, J., SHARPSTEIN, J., ROSS, J., and McKEE, J., concurred.