R. W. COLE, Appellant, v. J. E. SMITH, Appellee.

Attachment: WRIT WRONGFULLY ISSUED: DAMAGES: DELIVERY BOND: RELEASE OF PROPERTY AFTER VERDICT. Where in an action aided by attachment a levy was made upon certain personal property, for the release of which the defendant gave a delivery bond conditioned for the delivery of said property, or its estimated value, to satisfy any judgment that might be rendered against the defendant in said action,

and upon the trial of said cause the jury found specially that the defendant was entitled to recover upon his counterclaim for damages. for the wrongful suing out of said attachment in a sum named, but returned a general verdict in favor of the plaintiff for the amount of his claim less the amount of damages found for the defendant, *held* that the plaintiff was entitled to have the attached property subjected to the payment of his judgment, and that its release by the court upon the motion of the defendant upon the ground that the attachment had been wrongfully sued out was erroneous.

*Appeal from Lyon District Court.*—Hon. George W. Wakefield, Judge.

Thursday, October 22, 1891.

This is an appeal by the plaintiff from an order dissolving an attachment, and releasing certain attached property. The facts appear in the opinion.—*Reversed.*

*E. C. Roach* and *Van Wagenan & McMillan,* for appellant.

*J. M. Parsons* and *P. C. Shannon,* for appellee.

Rothrock. J.—The action is at law to recover the sum of five hundred and sixty dollars for certain cordwood sold by the plaintiff to the defendant. An attachment was issued upon the alleged ground that the defendant was about to dispose of his property with intent to defraud his creditors. The defendant answered by admitting the purchase of the wood, but alleging that the indebtedness therefor had been paid. He also set up a counterclaim, in which he averred that the attachment was wrongfully and maliciously sued out, and demanded a judgment against the plaintiff for actual and exemplary damages. There was a trial by jury, and a verdict in which it was found specially that the defense of payment was not established by the evidence, and that the defendant was entitled to actual damages upon his counterclaim in the sum of

one hundred and ten dollars, but that he was not
entitled to exemplary damages. A general verdict was
also returned, in which it was found that the plaintiff
was entitled to recover the sum of four hundred and
sixty-six dollars and eleven cents, which was the
balance due the plaintiff for the wood after deducting
the damages allowed the defendant on the counterclaim.
When the attachment was sued out it was levied on
certain personal property of the defendant. In a few
days after the levy of the writ of attachment the defend-
ant gave the sheriff a delivery bond, and the attached
property was released and delivered to the defendant.
The condition of the bond is in these words: "Now,
therefore, if the said J. E. Smith shall deliver said
property, or its estimated value, as aforesaid, to said
sheriff, to satisfy any judgment that may be rendered
against said defendant in said suit within twenty days
after the rendition thereof, then this obligation to be
void, otherwise to remain in full force and virtue."
Upon the return of the verdict of the jury the defend-
ant filed a motion in these words: "Now comes the
defendant and shows the court that the jury have
found that the attachment in this case was wrongfully
sued out. He, therefore, moves the court to discharge
the attached property." The motion was sustained,
and an order made dissolving the attachment and dis-
charging the attached property. The correctness of
this order is the only question presented by the appeal.

It will be observed that by deducting the damages
found for the defendant from the amount found for
the plaintiff all the damages of every kind to which the
defendant is entitled are fully satisfied and paid. The
plaintiff has paid the penalty for his wrongful act in
seizing the property. The question is, must he not
only pay the damages, but must he release his claim
upon the property for the satisfaction of his judgment?
The remedy by attachment is purely statutory, and the

question must be determined under the provisions of
the attachment law of this state. The condition of the
delivery bond given by the defendant in this case is in
compliance with section 2996 of the Code, which
requires an undertaking that the "property, or its esti-
mated value, shall be delivered to the sheriff to satisfy
any judgment which may be obtained against the
defendant in that suit." Section 2998 provides that it
"shall be a sufficient defense that the property, for the
delivery of which the bond is given, did not belong
to the defendant, against whom the attachment
was issued, or was exempt from seizure under such
attachment." These are the defenses which the law
designates. There is no other provision of the statute
in any manner limiting the absolute requirement of
section 2996 that the property, or its value, shall be
delivered to the sheriff to satisfy any judgment which
may be obtained in the action. This right of the plain-
tiff to resort to the bond in payment of his judgment
is not made dependent on the amount of the judgment.
It is true that under section 3018 a motion may be
made to discharge the attachment at any time before
trial for insufficiency of statement of cause thereof, or
other cause apparent of record. But that section is
not applicable to the question under consideration.
This motion comes after trial, and is not an attack upon
the record for any informality of statement or the like.
It is an objection to maintaining the attachment made
after a trial, and when there remains nothing to be done
but pronounce judgment. Section 3017 provides that
the defendant cannot contest the fact stated as a cause
of action by a mere defense, but that his "remedy shall
be on the bond; but he may, in his discretion, sue
thereon by way of counterclaim, and in such case shall
recover damages as in an original action on such
bond." Here there is no provision for the discharge
of the attached property after a recovery on the counter-

claim.   If such had been the intent of the legislature, there surely would have been a provision enacted here or elsewhere limiting the liability on the bond required by section 2996.   There is no such provision, but, on the contrary, the whole scope and spirit of the attachment law appear to deny any dissolution of the attachment after a trial and a finding that the plaintiff is entitled to judgment.   It appears to us that upon the return of the verdict it was the duty of the court to render judgment for the plaintiff.   When such judgment is rendered, the law requires that it shall be satisfied by the sale of the attached property, or by an application of its proceeds.   Code, sec. 3011.   The only authority for discharging the attachment after trial is that found in section 3015, which provides that the attachment shall be discharged "if judgment in the action is rendered for the defendant."   There is no authority for discharging it where the trial results in a finding and judgment for the plaintiff.

We have thus disposed of this question without reference to cases in other jurisdictions.   We must abide by what appears to us to be the meaning and intent of our own statute.   REVERSED.