Argued March 3, decided April 27, 1909.

## JONES *v.* SHORT.

[101 Pac. 209.]

ATTACHMENT—REDELIVERY UNDERTAKING—BREACH.

1. A redelivery undertaking in attachment, conditioned to redeliver to the sheriff all of the property attached or pay the value thereof, is not satisfied by tendering to the sheriff a portion of the property, and offering to pay the value of the remainder, and this, though the remainder has been sold because perishable.

ATTACHMENT—REDELIVERY UNDERTAKING—MEASURE OF DAMAGES.

2. Liability on a redelivery undertaking in attachment is limited to the value of the property attached, less any amount realized by the sheriff from sales of portions thereof, or, if such value exceeds the judgment, the amount thereof remaining unpaid.

EVIDENCE—PAROL EVIDENCE—EXTENT OF LIABILITY.

3. A redelivery undertaking in attachment, fixing the value of the property attached, is conclusive on the sureties in an action to recover the penalty, and they cannot show a different value.

ATTACHMENT—SALE—VALUE OF PROPERTY—CONCLUSIVENESS.

4. An execution sale, following an attachment, is conclusive on the parties to the redelivery bond as to the value of the property.

From Columbia: THOMAS A. MCBRIDE, Judge.

Statement by MR. JUSTICE EAKIN.

This is an action on a redelivery undertaking. On the 22d of December, 1906, plaintiff, J. N. Jones, commenced an action, in the circuit court for Columbia County, against J. D. Short to recover the sum of $1,494.15, and by a proper proceeding therein procured an attachment of certain personal property belonging to said defendant Short. Whereupon, on the same day, for the purpose of securing a release of the attached property, the defendants herein executed and delivered to said sheriff

a redelivery undertaking, authorized by the provisions of Section 306, B. & C. Comp. Omitting the title, said undertaking is as follows:

"Whereas, in the above-entitled action, wherein J. N. Jones is plaintiff, and J. D. Short is defendant, an attachment has been regularly issued out of the above-entitled court, and duly levied upon the property of the said defendant by the sheriff of Columbia County, State of Oregon, a schedule of which property is hereto attached, marked 'A,' and made a part hereof, and the said defendant has not appeared in said action; and whereas, a return of all and singular the said property so levied upon by the said sheriff is desired by the said defendant; and whereas, said action is brought to recover the sum of $1,436.55, with legal interest thereon from October 9, 1906, and costs and disbursements in said action; and whereas, the value of the property so levied upon and attached herein by the said sheriff is the property of the defendant herein, and is of the value of $1,600: Now therefore we, the undersigned, residing at Rainier, in the County of Columbia, State of Oregon, in consideration of the premises, do hereby jointly and severally undertake and bind ourselves, our heirs, administrators, and executors in the sum of $1,600 that we will redeliver all of the aforesaid and described property of the said sheriff of said Columbia County, State of Oregon, in case plaintiff should recover judgment in said action, or pay the value thereof. Sealed," etc.

Thereupon the sheriff delivered said property to defendant Short. Thereafter, on June 4, 1907, plaintiff obtained a judgment against said Short for the sum of $1,478.90, and on June 8, 1907, caused an execution to issue thereon, by authority of which the sheriff demanded the redelivery of the property. Part of the property so attached was perishable, such as vegetables, fresh meat, and fruits, and also included hams, bacon, and canned goods, portions of which had been sold by defendant Short, and defendants were unable to return the whole of the property so released to them upon the undertaking.

As a defense defendants allege that they tendered to the sheriff, in satisfaction of the undertaking, such portion of the goods as remained unsold, and "an amount equal to the highest possible value that said perishable stuff had ever had," which he refused to receive. The sheriff thereupon returned said execution, reciting the breach of the undertaking by the refusal of defendants to redeliver the property. Thereafter, on the 11th day of June, 1907, an *alias* execution was issued to him, and by authority thereof he levied upon such property of the defendant as he could secure, which consisted largely of the attached property not disposed of by defendants, from which he realized $656.84. The cause was tried by a jury, and a verdict rendered in favor of plaintiff for the sum of $841.03. From the judgment thereon defendants appeal.                    AFFIRMED.

For appellant there was a brief over the names of *Messrs. Dillard & Day,* with an oral argument by *Mr. Joseph W. Day.*

For respondent there was a brief and an oral argument by *Mr. William H. Powell.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. Two questions are presented for our consideration: (1) Can sureties on an undertaking satisfy their liability thereon by tendering to the sheriff a portion of the property called for by it, and an offer to pay the value of the part converted? (2) Are the defendants bound by the penalty fixed in the undertaking, and the stipulation of value contained therein?

The undertaking obligates the sureties to redeliver to the sheriff all of the property mentioned, and a tender of less than all will constitute a breach thereof. A delivery of part of the property does not discharge any part of the penalty; and, if the condition of the undertaking be broken, the whole of the penalty may be

recovered, provided the plaintiff is injured to that extent (Shinn, Attach. § 290; *Munter* v. *Leinkauff & Strauss,* 78 Ala. 546), and this applies equally to perishable property: *Pierce* v. *Maguire,* 17 R. I. 61 (20 Atl. 98). If only part is tendered, the officer is not required to receive it. The sureties are bound by the terms of the undertaking; and, if there is a breach, the plaintiff may enforce payment of the value of the goods, as provided in the undertaking. The defendants cannot change the terms of their obligation, and retain or convert part of the goods. Their contract is to return the property, or pay the value of it: 13 Am. & Eng. Enc. Law (2 ed.), 1146; 4 Cyc. 695; *Metrovich* v. *Jovovich,* 58 Cal. 341; *Galloway* v. *Myers,* 7 Heisk. (Tenn.) 709.

2. The case of *Brumby* v. *Barnard,* 60 Ga. 292, is directly in point with the case at bar upon every question involved here, being an action upon a redelivery bond in which it was held that the sureties must comply with the requirements of the bond, either to deliver the property, or pay the debt, but cannot change the terms of the bond, and keep part of the property and pay its value at the time of the demand. The authorities are quite uniform upon this question. To this effect are: Wade, Attach. § 198; Drake, Attach. 335; Sutherland, Damages, 517; *Lee* v. *Moore,* 12 Mo. 458; *Bland* v. *Creager,* 13 B. Mon. (Ky.) 509; *Metrovich* v. *Jovovich,* 58 Cal. 341; *Laughlin* v. *Ferguson,* 6 Dana (Ky.), *111; *Proteet* v. *Bryson,* 29 N. C. 337. However, when the sheriff takes a part of the attached property upon an *alias* execution, defendant's liability upon the undertaking for return of the goods must be credited with the amount realized therefrom. The limit of the liability of defendant is the value of the property attached, less any amount realized by the sheriff from sales of portions thereof, or if such value exceeds the value of the

judgment, then the liability will be the amount of the judgment remaining unpaid: *Munter* v. *Leinkauff & Strauss,* 78 Ala. 546; Wade, Attach. § 198; *Metrovich* v. *Jovovich,* 58 Cal. 341; *Lee* v. *Moore,* 12 Mo. 458; *Brumby* v. *Barnard,* 60 Ga. 292.

3. It is contended by defendants that they should have been permitted to prove the value of the property taken by the sheriff on the *alias* execution, regardless of the amount realized therefor at the execution sale, from which to determine the amount that should be credited upon the undertaking or judgment, and also to be permitted to prove the value of the property converted by them as the limit of their liability in this action. The contract of the undertaking is that the sureties will deliver all the property, in case judgment is recovered, or pay the value thereof. There is no option on the part of the sureties to return part of the property; and, for a refusal to return all of it, the alternative is to pay its value. The undertaking is given in lieu of the property, but does not release it from the lien of the attachment. Under the provisions of Section 306, B. & C. Comp., upon the tender of the undertaking there provided for, the sheriff is bound to release the property to the defendant; and, if judgment is recovered against defendant in the action, and execution issued to him thereon, it is his duty to proceed to sell the property if returned to him, but, if not so returned, he has performed his whole duty in regard thereto when he has demanded its return, and such return is refused. He cannot enforce the penalty for its breach: *Kohn & Co.* v. *Hinshaw,* 17 Or. 308 (20 Pac. 629). If the terms of the undertaking are not fulfilled by the delivery of the property to the sheriff, or the value thereof paid to him, he has exhausted his power and authority in relation thereto. He can only return the execution into court, with a statement of the facts: Shinn, Attach.

§ 289. The sheriff has no right of action on the undertaking (Shinn, Attach. § 294), or to make any compromise or deviation from its terms. To do so would be at the risk of being personally liable to the plaintiff for exceeding his authority. There is no way by which the sheriff can determine the value of the part of the property converted, except in an action of replevin or trover, which is of no concern to the sheriff. The undertaking is executed for the benefit of plaintiff; and, when there is a breach, he may maintain an action therein to enforce the penalty. Therefore the sheriff had no authority to receive, upon the undertaking, less than all the property called for by its terms: *Kohn & Co.* v. *Hinshaw,* 17 Or. 308 (20 Pac. 629); *Hill* v. *Robinson & Co.* 44 Pa. 380; *Galloway* v. *Myers,* 7 Heisk. (Tenn.) 709. But if he does receive or take part of it upon the writ, the amount of defendant's liability will be reduced by the amount realized thereon: *Lee* v. *Moore,* 12 Mo. 458. If the value of the property were not fixed, by the terms of the undertaking, to enable defendants to determine the amount of their liability, they may prove its value in the action by plaintiff to recover the penalty; but, if it is fixed by the undertaking, that is conclusive on the sureties. They cannot show a different value. Drake, Attach. § 342; Sutherland, Damages, § 518; *Brumby* v. *Barnard,* 60 Ga. 292.

It is stipulated in the undertaking that the property released to defendants is of the value of $1,600, and that amount is fixed as the penalty for its breach, and this cannot be disputed by defendants. See authorities last above cited. The part of the property taken by the sheriff was sold in the manner provided by law, and applied upon the judgment, and the parties are bound by the result of such sale, and defendants cannot contend now that the property was of a different value, and thus require plaintiff in the suit to account for a

greater sum.    Such price is conclusive on the parties
here: *Creswell* v. *Woodside,* 15 Colo. App. 468 (63 Pac.
330) ; *Brumby* v. *Barnard,* 60 Ga. 292.    And the amount
received at said sale should be credited upon the judg-
ment, and defendants are liable in this action for the
balance thereof (which is less than the stipulated value
of the goods).    This was evidently the ruling of the
lower court, and we find no error.

Judgment is affirmed.                          AFFIRMED.