(156 App. Div. 544.)

### STORM v. ROSENTHAL.

(Supreme Court, Appellate Division, First Department. May 2, 1913.)

1. SALES (§§ 1, 72*)—CONTRACTS—OPTION.

    A contract, evidenced by an order for lumber including 30,000 feet of one of two brands and by a letter confirming the order, is an absolute contract by the buyer to purchase 30,000 feet, with the option of choosing between the two brands; and where he does not exercise his option, the seller may in good faith do so, and where the seller makes the selection, and is at all times ready to deliver, he may recover the price.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1, 3–5, 197–202; Dec. Dig. §§ 1, 72.*]

2. SALES (§ 154*)—CONTRACTS—TENDER.

    A seller of lumber, who has been at all times ready, willing, and able to deliver either of the brands specified in the contract, including the brand ultimately selected for delivery, need not segregate the lumber so selected from the mass of which it may be a part.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. § 353; Dec. Dig. § 154.*]

3. SALES (§ 340*)—BREACH BY BUYER—REMEDY OF SELLER.

    A seller may, on the refusal of the buyer to accept goods, store them as ·the property of the buyer, and sue for the price, or he may sell them as agent for the buyer, and recover any deficiency, or he may keep them as his own, and recover the difference between the market and contract price at the time and place of delivery.

    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 927–942; Dec. Dig. § 340:*]

4. GUARANTY (§ 36*)—CONSTRUCTION—LIABILITY.

    One who guarantees "payment and conditions of this contract" of purchase guarantees, not only the payment for goods actually delivered under the contract, but the payment and performance of the conditions of the contract by the buyer.

    [Ed. Note.—For other cases, see Guaranty, Cent. Dig. §§ 38–45; Dec. Dig. § 36.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Submission of controversy on agreed statement of facts between George H. Storm and Charles M. Rosenthal. Judgment for plaintiff.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Alfred R. Bunnell, of New York City, for plaintiff.
Jerome A. Strauss, of New York City, for defendant.

DOWLING, J. On May 10, 1911, the plaintiff sent to the Bavarian Realty Company a letter known as confirmation of order, wherein he said:

"We thank you for your order of to-day as described below, which we have entered as follows: Shipment will be made as below, or as nearly so as may be, delays by fires, strikes, shipwreck, lockouts, delays of carriers, or other unforeseen contingencies excepted. Terms: Cash, less 2% (G. H. S.) by 15th of month following delivery. All estimates are made, and orders taken, with the understanding that loads can be dumped at 'job, and when sales are made 'delivered direct' sufficient material is to be received at job to enable us to unload carriers within 'free time.' To be shipped via— Truck Job: 40 St. Nicholas Place, N. Y.

| | | | |
|---|---|---|---|
| 6 loads 2 x 4 12/14 Spruce | @ $26.00 | M. B. M. |
| 3000′ BM 7/8 x 4 N. C. Unflg. Sq. Edge | " 20.00 | " |
| 2000′ BM 7/8 x 4 N. C. Roofing T & G | " 21.00 | " |
| 30000′ BM 7/8 x 2¼ Second Clear Plain White Oak Flooring Western Stock 'Acorn Brand' | " 55.00 | " |
| Southern Stock | " 52.50 | " |
| 3000′ BM 7/8 x 2½ No. 1 Y. P. Flg | " 32.50 | " |

"All the above for delivery from yard as ordered. Thanking you very much for the order, we beg to remain.

"Very truly,          Geo. H. Storm & Co., by Geo. H. Storm.
"May 10, 1911.

"The above is correct and hereby accepted.
                    "Bavarian Realty Co., by E. F. Laudauer, Pres.
"May 10, 1911.

"I hereby guarantee payment and conditions of this contract.
                                        "Charles M. Rosenthal.

"If this is not in accordance with your understanding, please advise promptly."

The Bavarian Realty Company has accepted and paid for all the lumber embraced within the scope of the said contract except the 30,000 feet of white oak flooring, and as to that it notified the plaintiff prior to August 15, 1911, that it would not accept or receive any or either of the items of said flooring. The record discloses no reason for such refusal. Under the stipulation, that is the sole reason why delivery has not been made by plaintiff under the contract, and it is further agreed that by virtue of said agreement the Bavarian Realty Company had the option and right, when it came time for the delivery of said flooring, to elect whether Western stock, "Acorn Brand," at $55 per M., or Southern stock at $52.50 per M., should be delivered by plaintiff, which option said company refused and still refuses to exercise, although plaintiff is, and has at all times been, ready, willing, and able to deliver either of said items of flooring.

[1] The defendant and guarantor of said contract now claims that there was no contract for the purchase of the flooring, but only an option, and that, as that option never was exercised, plaintiff cannot recover herein. As we view this contract, under any reasonable construction of its terms, there was an absolute contract by the Bavarian Realty Company to purchase 30,000 feet of white oak flooring. The only option which the company had was to choose between the alternative brands. Not having exercised this option, the right to elect in what manner the contract should be performed then passed to the plaintiff, whose good faith in selecting the lower-priced brand for delivery is not attacked herein. In Bishop on Contracts (2d. Ed.) page 613, the general rule is laid down as follows:

"We have seen that, under a contract in the alternative, the party, who by its interpreted terms is to take the step at which the choice of ways presents itself, necessarily and of law elects by which one the fulfillment shall be. One of the consequences whereof is that, if such party neglects to elect fulfilling, the right to choice passes thereupon to the other party, who may sue for the breach of the alternative he prefers."

Thus it has been held that where the obligor had an option as to alternative methods of payment, and failed to exercise same, the right of election as to the method of payment to be enforced passes to the obligee, who may enforce whichever one he will. Id. 329; McNitt v. Clark, 7 Johns. 465.

[2] As under the stipulation the plaintiff has been at all times ready, willing, and able to deliver either of the brands of goods enumerated in the contract, including the brand ultimately selected by him for delivery thereunder, it was not necessary for him to segregate the goods so selected for delivery from the mass of which they might be a part. Gourd v. Healy, 206 N. Y. 423, 99 N. E. 1099.

[3] In Van Brocklen v. Smeallie, 140 N. Y. 70, 35 N. E. 415, it was held that the vendor of personal property has three remedies against the vendee in default. The seller may store the property for the buyer, and sue for the purchase price; he may sell the property as agent for the vendee, and recover any deficiency resulting; or he may keep the property as his own, and recover the difference between the contract price and the market price at the time and place of delivery.

In this case the seller has elected to follow the first of these three remedies. There having been a valid contract for the purchase of 30,000 feet of white oak flooring, and, upon the failure of the vendee to elect which of the alternative qualities he would take, the right to elect having been exercised by the vendor, and the vendor having at all times been ready to perform by delivery of the goods contracted so to be sold, he was entitled to recover from the vendee the purchase price thereof, to wit, $1,575.

[4] The defendant has guaranteed "payment and conditions of this contract." That can reasonably mean, not only that he guaranteed payment for goods actually delivered, but payment and performance of the conditions of the contract upon the part of the

vendee when he (the guarantor) entered into this contract with the plaintiff.

It follows, therefore, that he is liable to the plaintiff for the sum which became payable from the Bavarian Realty Company upon its breach of the contract, namely, $1,575, for which amount plaintiff is entitled to judgment, with costs. All concur.