RALPH H. COX, Appellee, v. SOUTHERN SURETY COMPANY, Appellant.

No. 37175.

JUNE 24, 1929.

REHEARING DENIED OCTOBER 19, 1929.

*Carr, Cox, Evans & Riley,* for appellant.

*Stipp, Perry, Bannister & Starzinger* and *William Hossfeld,* for appellee.

STEVENS, J.—Two actions brought by Cox against the Fleisher Construction Company, which were aided by attachment, were consolidated for the purposes of the trial, and tried as a separate action. The defendant gave a delivery bond in each case, with the Southern Surety Company as surety. This action is upon these bonds. Each of the bonds provided that:

"If the said Fleisher Construction Company shall deliver said property or its estimated value as aforesaid to said sheriff to satisfy any judgment that may be rendered against said defendant in said suit within 20 days after the rendition thereof, then this obligation to be void, otherwise to remain in full force and virtue."

The estimated value of the property in one of the bonds was $35,000, and in the other $7,000. The petition is in two counts. In the first count, the plaintiff alleged the execution and breach of the bond, and asked judgment for $27,152.30, with interest thereon, and for costs, the amount of the recovery awarded plaintiff in the main action. In Count 2, plaintiff alleged that, because of the carelessness and negligence of the defendant in handling and caring for the attached property, which was 783 shares of the corporate stock of the Fleisher Construction Company, it had been rendered worthless, and asked judgment for damages in the sum named above. The answer of the defendant Surety Company admitted the issuance and execution of the writ of attachment, the execution of the delivery bonds, and the release of the property, as alleged in the petition, but denied the alleged breach of the bond. In a separate division, and as a complete defense, defendant also alleged the redelivery of the shares of stock to the sheriff within 20 days after the rendition of final judgment in the main action: that is, within 20 days after the motion for new trial was overruled, but 120 days after judgment was entered by the court.

Both parties, at the conclusion of all the testimony, moved the court for a directed verdict: the plaintiff, upon the ground that the breach of the bond was established without dispute, and

1254

the defendant, upon the ground that the attached property was redelivered to the sheriff within the time required by statute. Other grounds are urged in defendant's motion; but, as they all relate to the issues arising on the second count of the petition, they need not, in view of the conclusion reached on the first proposition, be stated.

It is provided by Section 12121, Code of 1927, that:

"The defendant, or any person in whose possession any attached property is found, or any person making affidavit that he has an interest in it, may, at any time before judgment, discharge the property attached, or any part thereof, by giving bond with security, to be approved by the sheriff, or after the return of the writ, by the clerk, in a penalty at least double the value of the property sought to be released, but if that sum would exceed double the amount of the claim for which an attachment is sued out, then in such sum as equals double the amount of such claim, conditioned that such property or its appraised value shall be delivered to the sheriff, to satisfy any judgment which may be obtained against the defendant in that suit, within twenty days after the rendition thereof. This bond shall be filed with the clerk of the court."

The succeeding section provides for the appraisement of the property, in order to determine the amount of the bond to be given, unless the parties otherwise agree. As already stated, the bond fixed the estimated aggregate value of the property at $42,000. Judgment was entered in favor of appellee on February 13, 1924, for the amount stated. At the request of appellant, 30 days were given it, within which to file a motion for a new trial. A motion was filed within the time fixed, but was not passed upon until April 16th following, when it was overruled. This action was commenced within 20 days thereafter.

Section 11575 of the Code makes it the duty of the clerk, unless the court orders the case to be reserved for future judgment or consideration, to enter judgment immediately upon the filing of the verdict. This duty was imperative, and no formal order or direction of the court to do so was necessary. It is contended by appellant that the judgment entered at that time is not final, and

that it does not become such until the motion for a new trial, if any is filed, or other proper proceedings with reference thereto, have been passed upon by the court and finally disposed of. A judgment, within the meaning of this statute, is a final adjudication of the rights of the parties. *Harbin v. State,* 78 Iowa 263; *Callanan v. Votruba,* 104 Iowa 672; *Moore v. Manser,* 9 Iowa 47; *Miller v. Wolf,* 63 Iowa 233. The judgment entered on April 16th was the only entry of judgment ever made in the case. It was, until set aside, a complete and final adjudication of every question and issue involved therein. *Sievertsen v. Paxton-Eckman Chem. Co.,* 160 Iowa 662.

It will be observed that the provision of the statute which permits the release of attached property upon the execution of a delivery bond is that the bond must be filed before judgment. Perhaps a test proper to be applied under this statute is: Did the defendant have a right to file a delivery bond and to have the property released after judgment was entered in the case on April 16th? It will hardly be contended that the statute authorizes such procedure. If the judgment entered precluded appellant from the right to file a delivery bond and to secure the release of the property after April 16th, then it would seem that it was conclusive, and the redelivery of the attached property must have been accomplished within 20 days after that date. *Cole v. Smith,* 83 Iowa 579; *Valley Bank of Clarinda v. Shenandoah Nat. Bank,* 109 Iowa 43; *Selz & Co. v. Belden,* 48 Iowa 451. The statute is specific and mandatory in its terms. In such case, it must be strictly construed. *Harger v. Spofford,* 44 Iowa 369; *Emery & Co. v. Wabash R. Co.,* 183 Iowa 687. There is a close analogy in the rule adopted in *Harger v. Spofford,* supra, and followed in the *Emery & Co.* case, and that which we think must prevail in this case. The said bonds were given for the protection of appellee. If appellant desired an extension of time within which to file a motion for new trial, he should have had the date so fixed therefor that it could have been disposed of within 20 days after the rendition of the judgment. The rights of the parties were fixed by the terms of the statute and the bond at the time of its execution. The obligation assumed by the appellant was to deliver the property or its estimated value to the sheriff, to satisfy any judgment that might be rendered against the defendant within 20 days after the rendition of such judg-

ment. This provision of the bond was breached by the failure of defendant to comply with the statute, and the only question remaining which requires decision is: What was the measure of appellant's recovery?

Clearly, the measure of recovery was the estimated value of the property,—not, however, to exceed the amount of the judgment in the main action. *Cole v. Smith,* 83 Iowa 579; *Schuyler v. Sylvester,* 28 N. J. Law 487; Drake on Attachment (7th Ed.), Section 342; 1 Wade on Attachment, Section 198; *Creswell v. Woodside,* 8 Colo. App. 514 (46 Pac. 842); *Leet & Co. v. Green,* 151 Ky. 632 (152 S. W. 772); *Jones v. Short,* 53 Ore. 525 (101 Pac. 209); *Hammond v. Starr,* 79 Cal. 556 (21 Pac. 971).

It follows that the motion of appellee for a directed verdict should have been sustained. This conclusion makes it unnecessary to consider or decide the remaining propositions argued by appellant. The main case was appealed to this court, and upon final hearing the judgment was modified. A like modification should be made in the judgment entered in this case. The cause will, for this purpose, be remanded to the district court, or judgment may be entered in this court in harmony with this opinion, at the election of either party.—*Affirmed.*

ALBERT, C. J., and FAVILLE, DE GRAFF, MORLING, WAGNER, and GRIMM, JJ., concur.

EVANS, J., takes no part.