[L. A. No. 348.  Department Two.—November 10, 1897.]

JOSEPH MULLALLY, Appellant, v. F. M. TOWNSEND et al., Respondents.

ATTACHMENT—BOND FOR RELEASE—TWO DEMANDS REQUIRED TO CHARGE SURETIES—JOINT AND SEVERAL LIABILITY.—Under a bond given for the release of attached property, conditioned that if plaintiff recover judgment, defendant will, on demand, redeliver the attached property to the proper officer, to be applied on the payment of such judgment, or, in default thereof, the defendant and sureties will, on demand, pay to plaintiff the full value of the property released. not exceeding the amount of the bond, the liability of the sureties does not arise until a demand and refusal of the defendant to redeliver the attached property, and, when such demand and refusal has been made, a further demand upon the obligors of the bond for the payment of the value of the property is essential to a right of action upon the bond; but where the liability of the principal and sureties is by the terms of the bond joint and several, and only the sureties are sued without joining the principal, it is sufficient to make demand for the payment of the value of the property upon the sureties alone.

ID.—DEMAND FOR REDELIVERY—CHATTEL MORTGAGE—REFUSAL.—Where, subsequently to the release of the property attached, it has been subjected by the defendant to a chattel mortgage executed to a third party, the plaintiff, upon the issuance of execution with instructions to levy upon the property attached, is not bound to accept the property burdened with such chattel mortgage, and the refusal of the defendant and the chattel mortgagee to deliver the property to the sheriff, upon his demand therefor, otherwise than upon the payment of such chattel mortgage, is a refusal to redeliver the attached property to the sheriff.

ID.—JUDGMENT LESS THAN VALUE OF PROPERTY—DEMAND UPON SURETIES FOR PAYMENT—MEASURE OF OBLIGATION.—If the judgment recovered by the plaintiff is less than the value of the property attached as fixed in the bond for release, and less than its admitted value at the time of the release, the payment of the amount of the judgment is the full measure of the obligation of the sureties upon such

bond, and a demand upon them "that they pay to the plaintiff the said judgment" is a specific and sufficient demand to charge the sureties, where there has been a refusal of the defendant to redeliver the property.

ID.—GENERAL DEMAND FOR FULFILLMENT OF OBLIGATION.—A general demand upon the sureties on the bond for release that they fulfill their obligation, as expressed in their undertaking, is sufficient, if standing alone, to charge them with their obligation to satisfy the judgment against the defendant, when it is less than the admitted value of the property at the time of the release, and is not inconsistent with a specific demand that they should pay the said judgment, but requires the same thing in different language.

ID.—OBJECT AND SUFFICIENCY OF DEMAND.—The legitimate object of a demand is to enable a party to perform his contract, or discharge his liability, according to the nature of it, without a suit at law; and there is no stereotyped form or manner of demand, but any language intended to constitute a demand, and which plainly informs the party of whom the demand is made that he is required to perform the duty or obligation to which the demand refers, is sufficient.

ID.—PLEADING OF DEMAND—CERTAINTY—GENERAL DEMURRER—MOTION FOR NONSUIT.—Where an obligation itself provides that a demand shall be made, it must be made and alleged, and should be pleaded with directness and certainty; but an objection to the sufficiency of an allegation of demand for want of certainty must be by special demurrer pointing out the particular defects complained of, and cannot be urged upon general demurrer to the complaint, nor upon a general objection raised to its sufficiency to state a cause of action, upon a motion for nonsuit which admitted all of its allegations to be sustained by sufficient evidence.

ID.—ANSWER—INSUFFICIENT DENIALS OF ATTACHMENT—PROCEEDINGS FOR WANT OF KNOWLEDGE OF INFORMATION.—Denials in the answer of the sureties, made to allegations in the complaint in reference to the commencement of the action and the attachment of the property, for the release of which their bond was admitted to have been given, made for want of knowledge or information sufficient to form a belief of the allegations denied, the truth of which was readily ascertainable from the public records, and was indicated by the affirmative allegations of the answer to be within the knowledge or information of the defendants, are insufficient to raise an issue, and may be properly stricken out or disregarded by the court.

APPEAL from a judgment of the Superior Court of Los Angeles County. Waldo M. York, Judge.

The facts are stated in the opinion.

Henning & Bowen, and King & Harmon, and C. C. Wright, for Appellant.

Jones & Weller, for Respondents.

HAYNES, C.—Plaintiff brought an action in superior court against one Thomas J. Kelly to recover the sum of one thousand dollars, and procured a writ of attachment to issue and to be levied on property of the said Kelly, consisting of furniture, carpets, and household goods in a certain hotel kept by Kelly. Thereupon Kelly executed to the plaintiff a bond in the sum of $1,500 for the release of said property from the attachment, pursuant to the provisions of sections 554 and 555, of the Code of Civil Procedure, upon which bond Townsend and Ward, the defendants in this action, became his sureties, and the attached property was thereupon released. The obligatory part of said bond is as follows:

"Now, therefore, we, the undersigned, residents and freeholders of the state of California, in consideration of the premises and in consideration of the release from attachment of all property attached, as above mentioned, and the discharge of said attachment, do jointly and severally undertake in the sum of $1,500, and promise that in case said plaintiff recover judgment in said action the said defendant will, on demand, redeliver said attached property, so released, to the proper officer, to be applied on the payment of such judgment; or, in default thereof, the said defendant and sureties will on demand pay the said plaintiff the full value of the property released, not exceeding the sum of $1,500."

Thereafter the plaintiff recovered judgment in said action against said Kelly for the sum of $785.51, including costs, and an execution issued thereon was placed in the hands of the sheriff for execution, with instructions to levy upon said property which had been so attached and released; but the officer was informed by Kelly and one Hunter that after said release Kelly had executed to said Hunter a chattel mortgage upon the whole of said released property to secure the sum of $500, which mortgage had been duly recorded, and said Kelly and Hunter refused to surrender said property otherwise than upon payment of said $500 to said Hunter. At the time said property was attached it was of the value of $2,000, but was encumbered by liens and contracts to secure other indebtedness of said Kelly to the amount of $800. Plaintiff refused to pay the Hunter mortgage, but offered to pay the liens existing prior to the attachment,

and the sheriff returned the writ wholly unsatisfied, Kelly being insolvent and having no other property.

The plaintiff thereupon brought this action against Kelly's sureties on the redelivery bond, and the foregoing are, in substance, the facts stated in the complaint, except as to the demand made upon the defendants, which will be noticed hereafter.

The defendants filed a general demurrer to the complaint, and it was overruled by the court. They then answered, but the substance of the answer need not now be stated.

When the cause was reached for trial plaintiff moved for judgment on the pleadings, and his motion was denied. Counsel for defendants then admitted that plaintiff could prove all the allegations of his complaint, and waived the introduction of evidence in support of any of its allegations, and moved for a nonsuit upon the ground that the complaint did not state facts sufficient to constitute a cause of action, and that all the evidence admitted would not establish plaintiff's right to recover.

This motion was granted, and judgment of dismissal was thereupon entered, and this appeal is from said judgment upon the judgment-roll, which contains appellant's bill of exceptions.

Respondents have not seen proper to file any brief, and we are therefore obliged to consider the case without the benefit of their statement of the particular defects of the complaint upon which they based their motion for a nonsuit.

In appellant's opening brief it is said that defendants' objection to the complaint in the court below was that the demand alleged in paragraph IX of the complaint is insufficient. As there is no reply to this statement we assume that to be the only point of objection.

That paragraph is as follows: "That prior to the commencement of this action plaintiff demanded of defendants herein, and each of them, who are sureties on said undertaking, that they pay the plaintiff the said judgment, and demanded of them the fulfillment of the obligation as expressed in said' undertaking, but defendants, and each of them, have wholly failed, neglected, and refused to pay said judgment, or any part thereof, or in any manner at all to keep, fulfill, or comply with the conditions or obligations on their part of said undertaking."

The prayer is for judgment for the value of said property to the extent of the said judgment for $785.50 and interest thereon and costs.

The terms of the bond required Kelly to redeliver the attached property to the sheriff upon demand. As to this demand there seems to be no question. It was not only alleged that in fraud of plaintiff's rights he had mortgaged the property to Hunter, but it is also alleged that an execution upon the judgment was placed in the hands of the sheriff, with instructions to levy upon said property, and that Kelly and Hunter refused to deliver it to the sheriff otherwise than upon the payment of the $500 to Hunter. This was a refusal to deliver the property. The plaintiff was not bound to accept part of the property or to accept it all burdened with a lien placed upon it after the execution of the bond and the release of the attached property thereunder. (*Metrovich v. Jovovich,* 58 Cal. 341.)

Until this demand and refusal the liability of the defendants as sureties could not arise; but such demand upon and refusal by Kelly having been made, a further demand for the payment of the value of the property was essential to a right of action upon the bond. This liability was by the terms of the bond joint and several, and it was sufficient to make such demand upon the sureties alone, Kelly, the principal, not having been sued.

The legitimate object of a demand is to enable a party to perform his contract or discharge his liability, according to the nature of it, without a suit at law. (*Ayer v. Ayer,* 16 Pick. 327.) In Missouri by statute (Rev. Stats. 1879, sec. 1018) a party is not permitted to object for want of a demand upon him, unless he sets up the want of it, accompanied by a tender of the property or money admitted to be due, and this goes only to the question of costs. Our statute, however, under which the bond in question was given, requires a demand (Code Civ. Proc., sec. 555), and in general, where the obligation itself provides that a demand shall be made, it must be made and alleged; but there is no stereotyped form or manner of demand. Any language intended to constitute a demand, and which plainly informs the party of whom the demand is made that he is required to perform the duty or obligation to which the demand refers, is sufficient. A demand, however, like all allegations of fact, should

be pleaded with directness and certainty. But whether any given essential allegation should be held sufficient on appeal often depends upon the manner in which it is attacked. Objections which go to the sufficiency of the statement of facts, and not to the facts themselves, must be by special demurrer pointing out the particular defects complained of. (*Himmelman v. Spanagel,* 39 Cal. 401; *Tehama County v. Bryan,* 68 Cal. 57; *Harnish v. Bramer,* 71 Cal. 158; *Grant v. Sheerin,* 84 Cal. 200; *Amestoy v. Electric etc. Co.,* 95 Cal. 314.)

The defendants interposed a general demurrer to said complaint, and that demurrer was overruled. The admission of defendants, when the cause was called for trial, that the plaintiff could prove all the facts alleged in the complaint, and their waiver of the production of any evidence on the part of the plaintiff, thus treating all its allegations as sustained by sufficient evidence, and then moving for a nonsuit, presented no question that was not presented by the demurrer, and the correctness of the ruling of the court upon the motion for a nonsuit involves, like the general demurrer, the sufficiency of the complaint.

The demand made upon the defendants, and each of them, is alleged to have been "that they pay the plaintiff the said judgment, and demanded of them the fulfillment of the obligation as expressed in said undertaking."

The judgment recovered by plaintiff against Kelly was less than the value of the property as fixed in the bond, viz., the sum of $1,500, and less than the sum alleged in the complaint, and admitted by defendants' motion to have been its value at the time of the release, viz., $1,200; and in such case the collection upon execution of the amount due upon the judgment against Kelly, and the cost of the action against these defendants, would satisfy the judgment. That being true, if the defendants had complied with the first part of the alleged demand by paying the amount of the judgment against Kelly, the full measure of the defendants' obligation would have been satisfied, and that was all the plaintiff was entitled to. That part of the demand was specific and sufficient.

The remainder of the demand, viz., that they fulfill their obligation as expressed in their said undertaking, was less specific,

but was, nevertheless, if it had stood alone, quite sufficient.   It demanded that they do all that their undertaking required them to do, and that was that they satisfy the judgment against Kelly.   The demands were apparently inconsistent, but were not so in fact.   They required the same thing.   That which would have satisfied the one would have satisfied the other, and certainly a repetition of the demand, which required the same act, though couched in different language, could not affect its validity, either as a matter of pleading or of proof.   We conclude, therefore, that the court erred in granting the nonsuit.

Before said motion for a nonsuit was made, the plaintiff moved for judgment on the pleadings, upon the ground that no material issue was raised by the answer.   This motion was denied and plaintiff excepted.

The answer is indefinite and uncertain in its affirmative allegations, and must have been held bad, as to those allegations, upon special demurrer; while the only denial which is well pleaded is that which denies plaintiff's averment that he offered to accept the property and pay all the liens and encumbrances which existed thereon at the time it was attached.

As to the affirmative allegations, the third paragraph does not show why the property was released by the sheriff; though, taken in connection with the averments of the complaint and the allegations in the fourth paragraph of the answer, it is probable that the release was because of the Hunter mortgage.

The fourth paragraph alleges the release and satisfaction of the Hunter mortgage, but does not show that such release and satisfaction was before the commencement of this action; and the same uncertainty exists as to the sixth paragraph.

All the denials, except the one above mentioned, are made upon the ground that defendants have "no knowledge or information sufficient to form a belief as to the allegations contained" in the first, fourth, fifth, and sixth paragraphs of the complaint.

Said first paragraph alleges the commencement of the action against Kelly and the attachment of said property.

Not only were the records of the court showing these proceedings readily accessible to the defendants, but the second paragraph of the complaint, setting out the redelivery bond executed by the defendants, and the release of said property there-

under, was not denied. And so of the denials of the other paragraphs above mentioned. The truth of those allegations was readily ascertainable from public records, and the affirmative allegations of the answer showed that defendants had knowledge or information concerning them.

Such denials are not permissible. (*Mulcahy v. Buckley,* 100 Cal. 484.) They might properly be stricken out on motion or disregarded by the court. They did not raise an issue as to the matters thus attempted to be denied.

For the purposes of this case we think some of the affirmative defenses should be regarded as the defective statement of material matters, and, as the judgment of nonsuit must be reversed, that defendants should have the opportunity to amend their answer, so that the case may be fairly tried upon its merits.

We therefore advise that the judgment appealed from be reversed, and a new trial ordered, with leave to the parties respectively to amend their pleadings as they may be advised.

Searls, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is reversed, and a new trial ordered, with leave to the parties respectively to amend their pleadings as they may be advised.          McFarland, J., Temple, J., Henshaw, J.