## MULLALY v. TOWNSEND et al.*

### L. A. No. 623; July 20, 1900.

#### 61 Pac. 950.

**Attachment—Redelivery Bond—Mortgage of Property.**—K. executed to plaintiff a redelivery bond, signed by defendants, to secure the release of an attachment; and, after the release, K. executed a mortgage on the property. Plaintiff, after obtaining judgment against K., issued an execution; but the sheriff released the levy and returned the execution unsatisfied, because the property was claimed by the mortgagor, whereupon plaintiff sued defendants on the redelivery bond. Held, that the levy of the execution by the sheriff constituted a sufficient demand by plaintiff for the return of the property to support an action against the sureties on the bond.

APPEAL from Superior Court, Los Angeles County.

Action by Joseph Mullaly against F. N. Townsend and others. From a judgment in favor of plaintiff and from an order denying a new trial defendants appeal. Affirmed.

Jones & Willes for appellants; King & Hannon and Henning & Bowen for respondent.

VAN DYKE, J.—The plaintiff commenced this action against the defendants as sureties upon a bond to release an attachment. The action in which the attachment was taken was brought by the plaintiff against one Kelly, and certain personal property, consisting of the furniture in a hotel, was attached. On a former trial the court granted defendants'

*Rehearing denied.

motion for a nonsuit, the defendants admitting that the plaintiff could prove the allegations of his complaint. On appeal by plaintiff from that judgment, this court reversed the same and remanded the cause: 119 Cal. 47, 50 Pac. 1066. In the opinion of the court in that case it is said: "The terms of the bond required Kelly to redeliver the attached property to the sheriff upon demand. As to this demand there seems to be no question. `It was not only alleged that, in fraud of the plaintiff's rights, he had mortgaged the property to Hunter, but it is also alleged that an execution upon the judgment was placed in the hands of the sheriff, with instructions to levy upon said property, and that Kelly and Hunter refused to deliver it to the sheriff, otherwise than upon the payment of the $500 to Hunter. This was a refusal to deliver the property. The plaintiff was not bound to accept part of the property, or to accept it all burdened with a lien placed upon it after the execution of the bond, and the release of the attached property thereunder." On the second trial of the case the court found that subsequent to the giving of the said undertaking described in the complaint, dated November 21, 1895, and the release of said attached property, and prior to the levy of execution under said judgment, the said Thomas J. Kelly willfully, and in fraud of the rights of plaintiff to said property and satisfaction of said judgment recovered in said action, gave certain indenture of mortgage upon said property to secure the sum of $500, alleged and claimed by said Kelly to be due from him to one Cal. F. Hunter. The court also found that the plaintiff caused an execution to be taken out on the judgment recovered against Thomas J. Kelly, and placed the same in the hands of the sheriff of Los Angeles county, with instructions to levy upon the furniture and articles attached, which were released upon giving the bond in question; that the sheriff levied said writ upon said property, but that thereafter he was informed that the same was subject to a mortgage to Hunter, as already found; and that on account of such mortgage, and not otherwise, he released the levy, and returned the execution wholly unsatisfied, the said Kelly having no other property out of which to make the amount of the said judgment, or any part thereof. The court also found that before the commencement of this action the plaintiff demanded of the defendants, and each of them, that

they pay the plaintiff the said judgment, and fulfil the obligations as expressed in the undertaking executed by them.

The main and really the only point necessary to be considered, made by the appellants on this appeal, is that there was no demand for the return of the property made by the plaintiff prior to the commencement of the action; the condition of the bond signed by the defendants on the release of the attachment being that the defendant Kelly would, on demand, in the event that plaintiff recovered judgment against him, redeliver the attached property, or in default thereof the defendants would, on demand, pay the value thereof. On the former trial this court held that the allegations of the complaint were sufficient to constitute a demand on the defendant Kelly, and the findings of the court on the last trial, as already set out, are in line with the allegations of the complaint. In speaking of the nature of a return bond given to release an attachment, this court, in Metrovich v. Jovovich, · 58 Cal. 341, says: "The condition is that the attached property shall be returned, and the terms of the undertaking are not complied with by an offer or by a return of a portion of the property. It is not pretended in this case that there was any return, or any offer to return, the whole of the property attached. The evidence conclusively shows that the defendant in the attachment proceeding had put it out of his power to make such return. Therefore return is impossible." In this case, as shown and found, after the release of the property the defendant Kelly mortgaged it to one Hunter, and, when the sheriff levied on the property by virtue of the execution issued on said judgment, it was claimed by Hunter. As held by this court on the former trial, "The plaintiff was not bound to take the property burdened with a lien placed upon it after the release of the attachment." There was not only a demand on the defendant for the property, but a refusal on his part to turn it over in the condition in which it was at the time of being released from the attachment. Judgment and order affirmed.

We concur: Harrison, J.; Garoutte, J.

BEATTY, C. J.—I dissent from the order denying a rehearing of this cause, upon a point which is urged by appellant and argued in the briefs, but is not noticed in the opin-

ion of the court. It is alleged in the complaint that the property attached, at the date of the attachment and when it was released, was of the value of $2,000, and was encumbered by liens to the amount of about $800. Defendants, in their answer, deny that the property was of any greater value than $1,000, and allege that it was encumbered by liens to the amount of $1,100. The issue being thus joined as to the value of the property and amount of liens to which it was subject when attached, the court found that the property at the time of the attachment and release was of the value of $1,000, and made no finding as to the amount of the liens, which, according to the allegation of the complaint, was at least $800. Notwithstanding these facts appearing by the judgment-roll, judgment was given against the defendants for $785.50, nearly $600 more than the attachable value of the property. This, to my mind, is palpable error, for which the judgment should have been reversed.