SAMUEL N. CHITTENDEN *vs.* ROYAL INDEMNITY COMPANY.

Suffolk.   November 12, 1923. — January 4, 1924.

Present: RUGG, C.J., CROSBY, PIERCE, & CARROLL, JJ.

*Bond,* To dissolve attachment, Performance and breach. *Poor Debtor. Surety.*

In an action against a surety company upon a bond executed by the defendant as a surety to dissolve an attachment made upon the property of one of several defendants in an action of contract upon certain promissory notes and checks, it is not a defence that the plaintiff recovered a judgment against an indorser of one of the notes, that he caused the judgment debtor to be cited into court on poor debtor proceedings, that the debtor was defaulted and was arrested and gave recognizance, that the plaintiff, after a breach of the recognizance, brought suit on that recognizance and that in that suit the plaintiff consented to an entry of "Neither party. No further suit to be brought for same cause of action," if it does not

appear that the final judgment against such judgment debtor was satisfied in whole or in part by the payment of money or of any other valuable thing.

A surety on a bond to dissolve an attachment has no legal or equitable right which can be impaired by the failure of the creditor of the debtor in the action or suit to make use of, or by his abandonment of the use of, any collateral methods to collect his debt or judgment against such debtor.

CONTRACT upon a bond given by the defendant as surety for one Samuel C. French to dissolve an attachment in an action brought by the plaintiff against French and others upon certain promissory notes and checks. Writ in the Municipal Court of the City of Boston dated February 2, 1923.

On removal to the Superior Court, the action was tried before *Callahan, J.* Material evidence, an offer of proof by the defendant, and exceptions saved by the defendant are described in the opinion. By order of the trial judge, the jury found for the plaintiff in the sum of $1,900. The defendant alleged exceptions.

The case was submitted on briefs.

*L. G. Roberts,* for the defendant.

*C. A. Warren, F. W. Doring & F. Killam,* for the plaintiff.

PIERCE, J. This is an action on a bond, taken from a debtor with sureties in the usual form, to dissolve an attachment on mesne process of the goods and estate of the debtor. At the trial the plaintiff proved the recovery of judgment January 2, 1923, in the action in which the bond was given, for an amount and costs in excess of the penal sum of the bond, against the debtor in said action brought February 23, 1921; testified that " said judgment had not been satisfied either in whole or in part;" and rested.

The defendant in support of its answer offered proof that the plaintiff on December 3, 1917, recovered judgment against one Wellman, an indorser on one of the several notes upon which judgment was recovered against the debtor in the original action in which the bond sued on was given; that Wellman, on an alias execution, was cited into the police court of Newton in poor debtor process; that he was defaulted at the hearing and was arrested on the execution

in Boston in Suffolk County; that he entered into a recognizance bond in the statutory form and appeared for examination within thirty days before the police court of the city of Newton, but did not offer himself for examination in Suffolk County within thirty days after his arrest. The defendant offered further proof that suit was begun by the plaintiff on the recognizance bond given by Wellman, and that thereafter an agreement was filed in the action on the recognizance bond as follows: " Neither party. No further suit to be brought for same cause of action." At the close of the evidence the defendant requested the trial judge to rule " That on all the evidence, plaintiff is not entitled to recover." The judge refused to give the requested ruling and the defendant excepted.

The refusal was manifestly right. The defendant did not prove or offer to prove that the final judgment against the debtor in the action in which the bond was given was satisfied in whole or in part by the payment of money or of any other valuable thing. Its defence rests upon the proposition that the plaintiff by the voluntary entry of " Neither party. No further suit to be brought " has in legal effect destroyed the validity of one of the notes which, with others, were transmuted into the judgment against the debtor by the plaintiff; and that a recovery of the full amount of the judgment against the surety defendant would permit the plaintiff to recover twice upon the same note. The short answer is that payment of the note cannot be inferred as matter of law or fact from the mere record entry of " Neither party. No further suit to be brought for same cause of action."

It is plain a surety on a bond to dissolve an attachment has no legal or equitable right which can be impaired by the failure of the creditor of the debtor in the action or suit to make use of or abandon the use of any collateral methods to collect his debt or judgment against such debtor. The creditor may enforce the claim by any and every legal method until its satisfaction. It is settled that an arrest upon execution, even though the debtor was committed to prison, does not discharge the sureties on an attachment bond; and it is also settled that a failure to prosecute successfully a

breach of a recognizance does not discharge such sureties. *Moore* v. *Loring*, 106 Mass. 455. *Crawford-Plummer Co.* v. *McCarthy*, 227 Mass. 350, 353.

The exceptions must be overruled.

*So ordered.*