[Civ. No. 4943. First Appellate District, Division Two.—October 17, 1924.]

# MATTIE K. MONTGOMERY, Respondent, v. FIDELITY & DEPOSIT COMPANY OF MARYLAND, Appellant.

[1] REPLEVIN—ACTION ON BOND—DELIVERY OF PROPERTY—DEFECTIVE PLEADING.—In this action to recover a judgment against defendant on a replevin bond given under section 512 of the Code of Civil Procedure, and in which the trial court granted plaintiff's motion for judgment on the pleadings, at most the defendant could merely claim that the facts as to the delivery of the property in litigation to the plaintiff in the replevin action were stated defectively, and it could not claim that there was an entire failure to state such facts.

[2] ID.—PROBATE PROCEEDINGS—PLEADING—DENIAL UPON INFORMATION OR BELIEF.—In such action, plaintiff having alleged the death of her predecessor, the commencement of probate proceedings in a specified county, the issuance of letters testamentary, and the formal appointment of plaintiff as executrix of the last will and testament of the deceased, the denial of such allegations should have been positive, and not upon want of information or belief on the subject.

[3] ID.—SUBSTITUTION OF PARTIES—INSUFFICIENT DENIALS.—In such action, plaintiff having alleged that she was duly substituted for the deceased in the replevin action, the denial of such allegation upon want of information or belief upon the subject was properly ignored.

[4] ID. — RECEIPT OF REMITTITUR — DENIAL UPON INFORMATION OR BELIEF.—In such action, plaintiff having alleged the receipt in the superior court of the *remittitur* on appeal (in the replevin action) and thereafter the issuance of the writ of execution and its return to the trial court, the denial thereof upon want of information or belief upon the subject raised no issue.

[5] ID.—DECREE OF DISTRIBUTION—OWNERSHIP OF RIGHTS—INSUFFICIENT DENIAL.—In such action, plaintiff having alleged the entering of a decree of distribution in the probate proceedings wherein and whereby she became the owner of the rights and properties of the deceased in and to the interests of the latter in the action at bar, the denial of such allegation upon information or belief on the subject was insufficient.

[6] ID.—ABSENCE OF PLAINTIFF IN REPLEVIN ACTION—IRRELEVANT ALLEGATION.—In such action, the allegation that the plaintiff in the replevin suit was not present in California when the replevin bond

2. See 21 Cal. Jur. 151.

was executed and that he was not present at the time of commencement of the suit at bar was wholly irrelevant and defendant's denial of such irrelevant allegation did not constitute a defense.

[7] Id.—Disclaimer—Death—Proceeding in Absence of Representative.—Where one of the defendants in a replevin action files an answer which is in legal effect a disclaimer, he is no longer interested in the litigation; and where he dies before trial, it is not error for the trial court to proceed with the action without first causing to be present a representative of his estate.

[8] Id. — Dismissal — Subsequent Trial and Judgment — Presumptions.—In an action on a replevin bond given under section 512 of the Code of Civil Procedure, where the complaint alleges, and the answer admits, that after trial of the replevin action judgment was duly rendered and entered in favor of plaintiff (defendant in the replevin action), but said answer, by way of new matter, sets forth that the plaintiff in the replevin action dismissed that case before trial and that, after the cause had been legally dismissed the trial court proceeded, held a trial, and decided the case in favor of the defendants in such replevin action, it must be presumed that the trial court (in the replevin action) proceeded regularly and that, after the dismissal of the action, upon motion regularly noticed and heard, the order of dismissal was set aside and that thereafter the trial was had.

[9] Id.—Final Judgment—Collateral Attack—Parties—Estoppel.—After the judgment in favor of defendants in the replevin action had become final, the plaintiff in that case could not, in a collateral attack, go behind the judgment and present the question that the trial court had no jurisdiction to enter such judgment, on the ground that prior thereto the action had been legally dismissed; and the surety on the bond given under section 512 of the Code of Civil Procedure is in no better position, as by its bond it consents and agrees to abide by the judgment to be rendered in the replevin action.

---

(1) 34 **Cyc.**, p. 1598.   (2) 31 **Cyc.**, p. 202.   (3) 31 **Cyc.**, p. 202.
(4) 31 **Cyc.**, p. 202.   (5) 31 **Cyc.**, p. 202.   (6) 31 **Cyc.**, p. 203.   (7) 1
**C. J.**, p. 233, sec. 492 (Anno.).   (8) 4 **C. J.**, p. 737, sec. 2666.   (9) 34
**C. J.**, p. 525, sec. 831; 34 **Cyc.**, p. 1586.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   James M. Troutt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Joseph E. Bien and Werner Olschewski for Appellant.

Miller & Thornton for Respondent.

STURTEVANT, J.—The plaintiff commenced an action to recover a judgment against the defendant on a replevin bond given under section 512 of the Code of Civil Procedure. The defendant appeared and answered. Thereafter the plaintiff on notice made a motion for judgment on the pleadings. The motion was granted and from the judgment entered the defendant has appealed.

[1] The first point made by the appellant is that the complaint does not state facts sufficient to constitute a cause of action because it does not allege that the property in litigation was delivered to the plaintiff in the replevin action. It is true that there is no direct, positive and clear-cut allegation in that behalf, nevertheless it appears in the complaint "that the defendant, Nora A. Knobloch, filed her answer in said cause, claiming the ownership of the property in said complaint described, asking that she have judgment therefor, or in the event that delivery thereof could not be had, for $1,134 as the value thereof, and for the sum of $750 damages for the detention of said automobile from her. . . . Thereafter, and on the 19th day of June, 1922, and after trial of said action numbered 91165, judgment was duly made and entered in said action in favor of this plaintiff as executrix of the last will and testament of said Nora A. Knobloch, deceased, for the delivery of said automobile, which is the subject of said action, to the said Mattie K. Montgomery as such executrix as aforesaid, and in case delivery thereof could not be made for the sum of $1,000 as the value thereof, and for the sum of $750 damages for the detention of said automobile from the said Nora A. Knobloch and for the detention thereof from the said Mattie K. Montgomery as such executrix since the death of the said Nora A. Knobloch and for costs amounting to the sum of eight and 50/100 dollars." In the presence of these allegations we think that the defendant may not claim that there is an entire failure to state facts; but at most it may merely claim that the facts are stated defectively.

The appellant complains also that in granting the motion of the plaintiff for judgment on the pleadings that the trial court ignored certain defenses contained in the answer.

[2]  (a) In paragraph 6 of plaintiff's complaint the plaintiff alleged the death of Nora A. Knobloch, the commencement of probate proceedings in San Francisco, the issuance of letters testamentary, and the formal appointment of this plaintiff as executrix of the last will and testament of Nora A. Knobloch. The defendant alleged that it had no information or belief on the subject and therefore denied the allegations of that paragraph. The denial should have been positive.

[3]  (b) In paragraph 7 of her complaint the plaintiff alleged that she was duly substituted in the replevin action. The denial of the defendant was in the same form as the denial just referred to. The trial court did not err in ignoring it.

[4]  (c) In paragraph 11 of her complaint the plaintiff alleged the receipt in the superior court of the *remittitur* on appeal and thereafter the issuance of the writ of execution and its return to the trial court. For the reasons above stated the denial, which was based on want of information or belief, raised no issue.

[5]  (d) In paragraph 13 of her complaint the plaintiff alleged the entering of a decree of distribution in the probate proceedings wherein and whereby the plaintiff became the owner of the rights and properties of Nora A. Knobloch in and to the interests of the decedent in the present suit. The denial of the defendant was insufficient for the same reasons hereinabove mentioned, and the point is without merit.

[6]  (e) In the fourteenth paragraph of her complaint the plaintiff alleged that the plaintiff in the replevin suit was not present in California when the bond was executed and that he is not present in California at the present time. The allegation was wholly irrelevant and the defendant's denial of the irrelevant allegation did not constitute a defense.

[7]  The plaintiff alleged in paragraph 3 of her complaint that F. Knobloch, one of the defendants in the replevin suit, filed an answer which was in legal effect a disclaimer and that thereafter he died and no administration was had and the replevin suit went to trial without any further proceedings being had or taken with reference to his interests.

The defendant alleged its want of information and belief and therefore denied, etc. It may be conceded that the denial raised an issue as to the death of F. Knobloch; but it did not raise an issue to the effect that F. Knobloch had not filed a disclaimer. Having disclaimed, the decedent was no longer interested in the litigation and the trial court did not commit an error in proceeding without first causing to be present a representative of the estate°of F. Knobloch.

We pass now to the second point made by the appellant. In its answer the appellant alleged certain new matter as follows: "And in this behalf this defendant alleges that on the 9th day of May, 1922, and upon the trial of the said action No. 91165 referred to in plaintiff's complaint, and before the final submission of the case in said action, the plaintiff in said action No. 91165, by notice in writing filed with the Clerk of said Superior Court of the City and County of San Francisco, State of California, in said action No. 91165, abandoned said case, and thereupon, in open court, moved said court for a dismissal of said action, and upon the further ground of the written consent of the defendant in said action for a dismissal thereof; and thereupon, on said 9th day of May, 1922, by an order duly given and made and entered upon the minutes, said Superior Court of the City and County of San Francisco, State of California, in Dept. #13 thereof, granted said motion to dismiss said action, upon payment of defendant's costs; and thereupon, on said 9th day of May, 1922, the Clerk of the said Superior Court of the City and County of San Francisco, State of California, made note of such order in his register of actions in the said case No. 91165, referred to in plaintiff's complaint, and pending as aforesaid in the Superior Court of the City and County of San Francisco, State of California, in Dept. #13 thereof; and thereupon said action No. 91165 aforesaid was dismissed, and thereafter the said Superior Court of the City and County of San Francisco, State of California, Dept. #13 thereof, lost all further jurisdiction over said case No. 91165, and all orders, judgments, decrees or other action taken by said Superior Court in said action were and are void."

[8] In other words, the appellant claimed that the plaintiff in the replevin case dismissed that case before trial and,

after the cause had been legally dismissed that the trial court proceeded, held a trial, and decided the case in favor of the defendants in the replevin case. True it is that the appellant alleges a dismissal, but it is also true that every presumption and intendment is to the effect that the trial court proceeded regularly. We think we are bound therefore to presume that thereafter, upon motion regularly noticed and heard, the order of dismissal was set aside and that thereafter the trial was had. [9] But, if the facts occurred just as the appellant has alleged them in the passage quoted, it is in no better position. After the judgment in the replevin case had become final it is patent that the plaintiff in that case could not, in a collateral attack, go behind the judgment and present such questions. This appellant is in no better position. By its bond it consented and agreed to abide by the judgment to be rendered in the replevin case. (*Nickerson* v. *Chatterton,* 7 Cal. 568, 571.) Having so contracted it may not in this action go behind that judgment by merely alleging the facts which it has alleged. (23 Cyc. 1278; 34 Cyc. 1586; *Riddle* v. *Baker,* 13 Cal. 295, 305, 306.)

The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 14, 1924, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 15, 1924.