[Civ. No. 6552. First Appellate District, Division One.—January 29, 1929.]

WALTER D. K. GIBSON et al., as Executors, etc., Respondents, v. EUGENIE BOUSCAL MAILHEBUAU, as Executrix, etc., Appellant.

J. J. Dunne for Appellant.

Morrison, Hohfeld, Foerster, Shuman & Clark, and C. Coolidge Kreis for Respondents.

NEEDHAM, J., *pro tem.*—This is an appeal from the judgment of the superior court of the state of California, in and for the city and county of San Francisco. The action was upon a rejected claim, which claim was presented to the defendant executrix and which was based upon a promissory note alleged to have been given by Camille Mailhebuau, defendant's testator, to Adolph B. Spreckels, plaintiffs' testator.

The amended complaint alleges that the promissory note was for the principal sum of fifteen thousand dollars, and was executed and delivered on the twenty-first day of December, 1922, and that no part of said note has been paid, except the interest up to December 21, 1923. It is also alleged that Adolph B. Spreckels, the plaintiffs' testator and the payee named in said promissory note, died on the twenty-eighth day of June, 1924, leaving a last will and testament and appointing the plaintiffs executors; that said will was admitted to probate in the superior court of the city and county of San Francisco; that letters testamentary were issued to plaintiffs and that they duly qualified as such executors. Then follow allegations of the death of Camille Mailhebuau, the appointment of the defendant as executrix, and the presentment and rejection of plaintiffs' claim.

The answer admits the presentment and rejection of the claim; also the appointment of defendant as executrix, as alleged in the amended complaint, by failure to deny the same. The defendant, basing her denial on lack of information and belief, denied all the other allegations of the amended complaint.

The case was tried before a jury. At the conclusion of plaintiffs' case the defendant made a motion for a nonsuit,

which was denied. The defendant declined to offer any evidence whatsoever, and a motion by the plaintiff for a directed verdict was granted by the court.

Appellant claims the evidence was not sufficient to support the judgment, and to justify the direction of the verdict, in many particulars, it being claimed that the proof offered in support of the plaintiffs' amended complaint failed to show, among other matters, the plaintiffs' title to the note, the death of Adolph B. Spreckels and the genuineness of the signature of Camille Mailhebuau on the promissory note.

As stated above, the amended complaint alleged the death of Adolph B. Spreckels, the probate proceedings, the issuance of letters testamentary, and the appointment of plaintiffs as executors. Defendant's denial of these allegations was based on her alleged lack of information and belief. We think it is well settled that representative capacity being a matter of public record must be denied positively. There are so many cases in this state holding such to be the law that it is only necessary to cite a few of such cases where this point has been determined. The law is well stated in the case of *Montgomery* v. *Fidelity & Deposit Co.*, 69 Cal. App. 251, at page 254 [230 Pac. 993], as follows:

"In paragraph 6 of plaintiff's complaint the plaintiff alleged the death of Nora A. Knobloch, the commencement of probate proceedings in San Francisco, the issuance of Letters Testamentary, and the formal appointment of this plaintiff as executrix of the last will and testament of Nora A. Knobloch. The defendant alleged that it had no information or belief on the subject and therefore denied the allegations of that paragraph. The denial should have been positive."

It has also been held in numerous cases in this state that a denial based only on lack of information or belief of a matter of public record is no denial at all and the matter is deemed admitted. We cite only a few cases. (See *Santa Barbara Lumber Co.* v. *Ross*, 183 Cal. 657, at p. 659 [192 Pac. 436]; *Art Metal Construction Co.* v. *A. F. Anderson Co.*, 182 Cal. 29, at p. 33 [186 Pac. 776]; *Mullaly* v. *Townsend*, 119 Cal. 47 [50 Pac. 1066]; *Saylor* v. *Taylor*, 42 Cal. App. 474, p. 477 [183 Pac. 843].)

The appellant claims that the death of Adolph B. Spreckels was not proved; that no presumption of the death

of Spreckels is raised, and that the evidence was not sufficient to overcome the presumption of the continuance of human life. The witness Blackie testified: "I knew Spreckels. He died in June, 1924, the 28th of June." Appellant contends that this testimony should have been ignored because it is not shown that Mr. Blackie spoke from his personal knowledge. However, it nowhere appears that the witness Blackie did not speak from personal knowledge. The answer of Blackie was a positive statement of the fact of the death of Spreckels. Counsel for the defendant could have cross-examined the witness concerning the source of his knowledge, if the witness appeared to have spoken from hearsay, but this was not done.

There was, however, other testimony than that of the witness Blackie that was amply sufficient to prove the death of Spreckels, in this, that the defendant admitted the probate of the will of Spreckels and the issuance of letters testamentary to the plaintiffs, and we think this principle was announced in the case of *Garthwaite* v. *Bank of Tulare,* 134 Cal. 237, at page 242 [66 Pac. 326], where the court uses the following language: "The introduction of the letters testamentary to the plaintiffs was sufficient evidence of the death of Smith."

The fact that a man's will has been probated and letters testamentary have been issued raises a presumption of his death. This presumption must be indulged in the absence of any conflicting evidence. In this last-cited case the plaintiffs, as executors of one Smith, were suing on a check drawn by the defendant payable to the order of Smith. The court held that plaintiffs had sufficiently proved their title to the check by showing the issuance of letters testamentary to them.

If the fact of issuance of letters testamentary was presumptive evidence of the death of Spreckels, since no conflicting evidence was offered, this question was removed from the consideration of the jury. Section 1961 of the Code of Civil Procedure: "A presumption (unless declared by law to be conclusive) may be controverted by other evidence, direct or indirect; but unless so controverted the jury are bound to find according to the presumption."

As to the genuineness of the signature of Camille Mailhebuau, as maker of the promissory note sued on, it is

proved by the testimony of the witness Stahner, an employee of The San Francisco Bank for sixteen years, the paying teller of such bank for over four years. The witness Stahner said that he knew the signature of Camille Mailhebuau and had known it for "a full ten years." He admitted that he had never seen Mr. Mailhebuau sign his name, but he stated that he had paid out money on Mailhebuau's signature "quite often." He said that in his opinion the signature was that of Mailhebuau.

We think this mode of proving a signature falls within the provisions of section 1943 of the Code of Civil Procedure, which reads as follows: "The handwriting of a person may be proved by anyone who believes it to be his, and who has seen him write, or has seen writings purporting to be his, upon which he has acted or been charged, and who has thus acquired a knowledge of his handwriting."

 The defendant set up, as an independent defense, the absence of consideration for the note. As stated, the defendant offered no evidence at the trial of the case whatever. Section 1615 of the Civil Code, reads: "The burden of showing a want of consideration sufficient to support an instrument lies with the party seeking to invalidate or avoid it." Therefore the appellant and defendant is in no position to complain.

As the appellant offered no evidence at the trial, we are only required to ascertain from the record if a *prima facie* case was made by plaintiffs and respondents. The evidence was amply sufficient. Such being the case, there was no error in denying the motion for a nonsuit.

The court directed the jury to return a verdict for the plaintiffs, the defendant having failed to introduce any evidence, and we think the trial court was clearly justified in so doing. The only question left for the jury to determine would have been the amount of the attorney's fees recoverable, and this question was by stipulation of the attorneys left to the determination of the court.

No other grounds urged for reversal require discussion, although we have carefully considered all of them.

The appeal is without merit and, therefore, the judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on February 28, 1929, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 28, 1929.

All the Justices present concurred.